# Richmond

EDYTHE BAKER DIENHART v. WALTER ARGYLE DIENHART, JR.

June 16, 1969.

Record No. 6988.

Present, All the Justices.

*George F. Darden, Jr.*, for appellant.

No brief or argument for appellee.

GORDON, J., delivered the opinion of the court.

The only issue on this appeal is whether the proviso in Code § 20-109[1] precluded the trial court from modifying a previous award of alimony.

On August 27, 1965 Edythe Baker Dienhart and her husband, Walter Argyle Dienhart, Jr., executed a separation contract settling their property rights and providing for the payment by Mr. Dienhart of $125 per month "alimony" to Mrs. Dienhart.

---

[1] Va. Code Ann. § 20-109 (1960 Repl. vol.) provides: "Changing alimony; effect of stipulations as to alimony.—Upon petition of either party the court may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; *provided, however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree.*" (Emphasis supplied.)

Mrs. Dienhart then brought this suit seeking a divorce from her husband and an award of temporary and permanent alimony. A copy of the separation contract was filed with Mrs. Dienhart's depositions.

By a decree entered September 28, 1966, the court granted Mrs. Dienhart a divorce from bed and board on the ground of her husband's desertion. The decree provided:

"[B]y way of alimony respondent [Mr. Dienhart] shall pay to complainant [Mrs. Dienhart] the sum of One Hundred and Twenty-five Dollars ($125.00) per month; . . . said payments for support, education and maintenance and for alimony shall begin immediately and shall be payable at least one-half on or before the fifth of each month and the balance on or before the twentieth of each month; . . . insofar as property rights are concerned the written agreement of August 27, 1965, between the parties hereto, is hereby ratified and confirmed."

By a decree entered October 13, 1966, the court

"ORDERED, ADJUDGED and DECREED that the decree of divorce from bed and board heretofore entered on September 28, 1966, be merged into a decree of divorce from the bonds of matrimony; and that the provisions of the aforesaid decree of September 28, 1966, with respect to payments to be made by defendant [Mr. Dienhart] to complainant [Mrs. Dienhart], and affirming the settlement agreement entered into by the parties on August 27, 1965, be and the same hereby are continued in full force and effect."

On October 26, 1967, Mr. Dienhart filed a petition reciting a change of circumstances and praying that the court modify the September 28, 1966 and October 13, 1966 decrees by eliminating the requirement that he pay alimony to Mrs. Dienhart. After hearing evidence, the court on December 5, 1967 entered a decree, from which this appeal was prosecuted, eliminating the alimony provided for in the decree of September 28, 1966.

The proviso in Code § 20-109 (n. 1 *supra*), which inhibits the usual power of the court to modify an award of alimony, controls this case. The settlement contract between Mr. and Mrs. Dienhart was signed by him and filed with her depositions, and he made no objection to the entry of the September 28, 1966 decree or the October 13, 1966 decree. The December 5, 1967 decree, which eliminated alimony,

was an "order directing the payment of alimony" within the meaning of the proviso in Code § 20-109. And the elimination of alimony under the December 5, 1967 decree did not accord with the settlement contract that provided for alimony of $125 per month. The December 5, 1967 decree was therefore in conflict with Code § 20-109.

This holding is not inconsistent with previous Virginia cases.

Although the holding in *Gloth* v. *Gloth*, 154 Va. 511, 153 S.E. 879 (1930), is to the contrary, that case was decided under a statute that did not contain a provision comparable to the proviso in Code § 20-109.

Different issues were presented in *Henebry* v. *Henebry*, 185 Va. 320, 38 S.E.2d 320 (1946), *Durrett* v. *Durrett*, 204 Va. 59, 129 S.E.2d 50 (1963), and *Martin* v. *Martin*, 205 Va. 181, 135 S.E.2d 815 (1964). *Henebry* upheld the finality of a decree confirming a separation contract, without regard to the applicability of the predecessor to Code § 20-109. The issue in *Durrett* was whether the obligation to pay alimony ceased at the husband's death. And the issue in *Martin* was whether a husband could be held in contempt for failure to pay amounts required by a settlement contract that had been merely approved by the court.

*Reversed and remanded.*