## Richmond

Howard Thomas McLoughlin v. Margery Caudle McLoughlin.

November 30, 1970.

Record No. 7222.

Present, All the Justices.

*Herman A. Sacks; Filmore E. Rose* (*Sacks, Sacks & Tavss,* on brief), for appellant.

*George H. Gray* (*Outland and Gray,* on brief), for appellee.

SNEAD, C.J., delivered the opinion of the court.

Howard Thomas McLoughlin filed a petition praying that the divorce suit in which he was awarded an *a mensa et thoro* decree, later merged into a decree *a vinculo matrimonii*, be reinstated on the docket and that the court adjudicate that his former wife, Margery C. McLoughlin (now Margery Cardone), was not entitled to any support from him beginning August 16, 1968, the date of her remarriage. By a decree entered January 10, 1969, the chancellor ordered the cause reinstated on the docket and after hearing argument dismissed the petition on the ground that the court "does not have jurisdiction in this divorce suit to either enforce compliance with the [property settlement] contract between the parties or to alter its terms". McLoughlin appeals from this decree.

On April 14, 1967, Mrs. McLoughlin filed a bill of complaint against her husband seeking a divorce *a mensa et thoro* on the ground of constructive desertion. On April 27 McLoughlin filed his answer and cross-bill praying for a divorce *a vinculo matrimonii* on the ground of adultery or in the alternative a divorce *a mensa et thoro* on the ground of desertion. While the divorce suit was pending the parties entered into a property settlement agreement, dated June 29, 1967. The pertinent portions of this contract, which was filed as an exhibit with the depositions, follow:

"3. * * * Husband agrees to pay the wife One Hundred ($100.00) Dollars per month for the support and maintenance of the wife.

* * * * *

"9. * * * In further consideration of the aforesaid, the wife does hereby waive, release and discharge the husband from any and all further claims for alimony, temporary and permanent.

* * * * *

"13. The parties hereto do mutually agree that in the event a divorce decree is entered in the aforementioned divorce suit, this stipulation and agreement shall be submitted to the Court for approval, affirmation and ratification by the Court and incorporated in any decree of divorce which may be entered in this cause."

By a decree entered on October 12, 1967, McLoughlin was granted a divorce *a mensa et thoro* on his cross-bill. The decree approved, ratified and confirmed the agreement between the parties and incorporated it by reference. Also, the court

" * * * ORDERED ADJUDGED and DECREED that the said defendant [Husband] shall pay to complainant [Wife] * * * $100.00 per month pursuant to the agreement between the parties for her support and maintenance." ·

Upon petition of McLoughlin, the *a mensa et thoro* decree was merged into a decree *a vinculo matrimonii* on May 7, 1968. In it the court

" * * * ORDERED that the written stipulation set forth in the agreement between the parties dated June 29, 1967, and introduced into evidence in this cause, be and the same is ratified and confirmed by the Court and every part thereof incorporated and made a part of this decree by this reference."

McLoughlin contends that the chancellor erred in dismissing his petition for lack of jurisdiction to grant the relief sought, and in refusing to rule that he was relieved of the obligation to support Mrs.

Cardone, his former wife, because she had remarried and was living with her present husband. He argues that since the *a mensa et thoro* decree ordered him to pay his wife for her support and maintenance according to the terms of the contract this decree was one for payment of alimony, and that being a decree for alimony the support payments would cease upon her remarriage. Code § 20-110 (Repl. vol. 1960).

The contract was entitled, "STIPULATION OF AGREEMENT IN ACCORDANCE WITH TITLE 20, PARAGRAPH 109, OF THE CODE OF VIRGINIA OF 1950, AS AMENDED". Generally, this section of the Code authorizes the court, upon petition of either party, to increase, decrease, or cause to cease any alimony that may thereafter accrue. However, there is a proviso in § 20-109, which reads: " * * * [I]f a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree."

The contract, filed with the depositions, was executed by both McLoughlin and his wife. Neither party raised any objection thereto prior to the entry of the decree.

The recent case of *Dienhart* v. *Dienhart*, 210 Va. 101, 168 S.E.2d 279 (1969), involves a situation similar to the one presented in the case at bar and is controlling. In that case Dienhart and his wife entered into a property settlement agreement. The contract provided, among other things, that Dienhart pay $125 per month "alimony" to Mrs. Dienhart. Subsequently, Mrs. Dienhart brought suit praying for a divorce from her husband and an award of temporary and permanent alimony. A copy of the settlement agreement was filed with Mrs. Dienhart's depositions. The court granted Mrs. Dienhart a divorce *a mensa et thoro*, ratified and confirmed the property settlement agreement and decreed that Dienhart pay as alimony $125 per month. Later the bed and board decree was merged into a divorce from the bond of matrimony and the property settlement contract was "continued in full force and effect."

Thereafter, Dienhart filed a petition stating a change of circumstances and praying that the court modify its decree by omitting the requirement that he pay alimony. The chancellor entered a decree eliminating the alimony provided for in its *a mensa et thoro* decree

and Mrs. Dienhart appealed. We reversed the decree holding that the elimination of alimony was an " 'order directing the payment of alimony' within the meaning of the proviso in Code § 20-109" and "did not accord with the settlement contract that provided for alimony of $125 per month" and "was therefore in conflict with Code § 20-109."

In the present case, McLoughlin and his wife entered into a property settlement contract that required McLoughlin to pay Mrs. McLoughlin $100 per month for her "support and maintenance". Whether such payments constitute alimony, as contended by McLoughlin, is not crucial. What is crucial is that when the parties enter into a settlement contract, filed with the pleadings or depositions and not objected to before entry of the decree, § 20-109 restricts the court's jurisdiction over awarding "alimony, suit money, or counsel fee" to the terms of the contract. Had the chancellor adjudicated that McLoughlin was not obligated for the support and maintenance payments, such decree would have been an "order directing the payment of alimony" that was not in accord with the settlement contract and therefore in conflict with § 20-109, as was the decree in *Dienhart* which eliminated alimony.

The fact that the chancellor in the *a mensa et thoro* decree ordered McLoughlin to pay the sum required by the contract and that the *a vinculo matrimonii* decree ratified, confirmed and incorporated the contract did not give the court jurisdiction to eliminate the support payments because of the remarriage of Mrs. McLoughlin. The directive to pay pursuant to the terms of the agreement only meant the court could use its contempt power to enforce the agreement.[1] Thus, the chancellor's action in dismissing McLoughlin's petition was proper. However, our conclusion does not prohibit an appropriate proceeding to construe the contract and determine when the parties intended the support payments to terminate.

---

[1] The 1970 General Assembly made this power statutory with the enactment of Code § 20-109.1 (1970 Cum. Supp.) which reads:

"*Affirmation, ratification and incorporation in decree of agreement between parties.* —Any court may affirm, ratify and incorporate in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children. Where the court affirms, ratifies and incorporates in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein."

McLoughlin cited several cases to support his position. Suffice to say that these cases were either decided before the proviso clause in § 20-109 was enacted (1944) or involved different issues. See *Dienhart* v. *Dienhart, supra,* 210 Va. at 103, 168 S.E.2d at 281 (1969).

*Affirmed.*