# Richmond

Edwin Lamar Thomas v. Barbara A. Thomas.

March 5, 1976.

Record No. 750847.

Present, All the Justices.

*William L. Perkins, III* (*Sacks, Sacks & Tavss*, on brief), for appellant.

*William H. Oast, III* (*Babb & Oast*, on brief), for appellee.

Poff, J., delivered the opinion of the court.

Barbara A. Thomas was awarded a divorce *a mensa et thoro* from her husband, Edwin Lamar Thomas, on the grounds of desertion. The decree provided "that the Stipulation Agreement entered into by the parties is hereby ratified and affirmed and made a part of this Decree." Under that agreement, the husband promised to pay the wife $200 per month "as alimony" and to convey the marital home to her. The parties mutually covenanted to release "all curtesy and/or dower interests". They expressly agreed that their contract would be "submitted to the Court . . . and made a part of any decree which may be entered in this matter."

Upon the husband's petition, the chancellor entered a decree on December 27, 1972, which provided "that the decree of divorce a mensa et thoro . . . be and hereby is merged into a decree of divorce a vinculo matrimonii". In that decree, the chancellor also found that the stipulation agreement "appears fair and equitable" and ordered "that said agreement be . . . incorporated into and made a part of this Decree insofar as it relates to the real property rights created by this marriage." The record reflects no objection to the stipulation agreement by either party before entry of the two decrees.

The husband made alimony payments regularly until December, 1974. When he missed the payment for that month, the wife petitioned for an order to show cause why he should not be punished for contempt of court. At the contempt hearing, the husband asserted that the *a vinculo* decree did not obligate him to pay alimony because that decree incorporated the stipulation agreement only insofar as it related to real property rights. By final order entered March 27, 1975, the chancellor found that "the stipulation agreement . . . was ratified and affirmed and made a part" of the *a mensa* decree and "[t]herefore . . . that nothwithstanding the provisions of the decree a vinculo matrimonii, the Defendant remains to be obligated for the payment of alimony as provided in the said stipulation agreement." Upon these findings, he ordered the husband to pay the wife $200 per month "as alimony as provided in the Stipulation Agreement . . . [and] all arrearages acruing [sic] for his failure to comply with the Stipulation Agreement."

Citing *Perry* v. *Perry*, 202 Va. 849, 120 S.E.2d 385 (1961), the husband argues that the chancellor had no jurisdiction to enter the March 27, 1975, order granting alimony, because he says the *a vinculo* decree excluded alimony and contained no reservation of power to re-open the case and modify the decree.

The dispositive question, then, is whether the *a vinculo* decree obligated the husband to pay alimony.

Under Code § 20-109 (Cum. Supp. 1972), the courts are authorized to modify alimony obligations prospectively. Their authority, however, is expressly limited:

". . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of

alimony,* suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree. . . ."

■ When a stipulation agreement is filed and no objection is raised, "§ 20-109 restricts the court's jurisdiction over awarding 'alimony, suit money, or counsel fee' to the terms of the contract." *McLoughlin v. McLoughlin*, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970). A decree which, under such circumstances, expressly adjudicates an elimination of alimony is an " 'order directing the payment of alimony' within the meaning of the proviso in Code § 20-109". *Dienhart v. Dienhart*, 210 Va. 101, 103, 168 S.E.2d 279, 281 (1969).

Here, the *a vinculo* decree provided that the parties' contract, which had been filed with the depositions and not objected to, be incorporated only "insofar as it relates to . . . real property rights". We are of opinion that this provision was an adjudication eliminating the alimony to which the parties had agreed; that it was an adjudication within the intendment of the statutory proviso; and that it was, therefore, an adjudication beyond the jurisdiction of the trial court.

In light of the rule in *Perry*, we consider whether the *a vinculo* decree obligated the husband to pay alimony.

■ Where, as here, an *a mensa* decree is merged into an *a vinculo* decree, the latter subsumes the former; the *a mensa* decree loses its separate identity, and all of its provisions not lawfully modified by the trial court assume the integrated identity of the *a vinculo* decree. The husband contends that the provision in the *a mensa* decree incorporating the stipulation agreement was modified in the *a vinculo* decree to exclude the obligation to pay alimony. But, as we have said, under the statutory proviso the chancellor was without jurisdiction to make such a modification.

We hold that the *a vinculo* decree obligated the husband to pay alimony and that the March 27, 1975, order did not violate the rule in *Perry*.

*Affirmed.*

I'ANSON, C. J., dissenting.

The final *a vinculo* decree expressly stated that the stipulation agreement between the parties dated September 26, 1972, was incorporated

---

* By the 1975 amendment, "alimony" was changed to "support and maintenance for the spouse" Ch. 644, Acts of Assembly (1975).

into and made a part of the decree only "insofar as it relate[d] to the real property rights created by this marriage." Thus, that decree specifically eliminated the provisions for the payment of alimony in the agreement and the *a mensa* decree. See Code § 20-121. This decree, to which the wife raised no objection, became final twenty-one days after its entry, Rule 1:1, even if erroneously entered contrary to the provisions of Code § 20-109. The final decree could not be modified so as to enforce husband's obligation to pay alimony in the subsequent contempt proceeding.

I would reverse this case and hold that the chancellor could not modify the final decree which was no longer under his control. The wife's remedy, if any, should be confined to an action at law upon the contract between the parties.