**In re John David SLEDGE, Jr., Debtor.**

**John David SLEDGE, Jr.**

v.

**Rebecca Walker SLEDGE.**

**Civ. A. No. 81–976–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 8, 1981.

Beril M. Abrahma, Virginia Beach, Va., for plaintiff.

Halbert T. Dail, Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, District Judge.

John David Sledge, Jr. appeals the decision of the Bankruptcy Court denying him a discharge of certain obligations which that Court found Sledge assumed, agreed to pay, and hold harmless his wife from any responsibility therefor, finding that such debts were in the nature of alimony, maintenance and support of debtor's spouse.

### I.

By a stipulation made in accordance with Virginia Code Sections 20–109 and 20.109.1, Rebecca Walker Sledge (wife) and John David Sledge, Jr. (husband) agreed upon sums to be paid for maintenance and support for wife and their two children and all rights in certain properties owned by them, and for child custody, child support, dower, curtesy, attorney's fees, costs and other matters. The stipulation was filed in a divorce suit pending in the State Court and made a part of the Court's decree.

The real dispute in this case revolves around the language set out in paragraphs one and six of the stipulation. These paragraphs provide—

1. The Husband shall pay to the Wife $700.00 per month as spousal support and child support for the parties' two unemancipated minor children, to-wit: Elizabeth M. Sledge and Melissa K. Sledge, beginning September 1979, and each month thereafter, apportioned $100.00 per month as spousal support and $600.00 per month as child support ($300.00 per month per child), and Husband's said $700.00 monthly payments to Wife may be reviewed and/or modified depending upon the circumstances of the parties and/or said children during the month of September 1980, said $700.00 monthly payments shall be made in weekly installments of $161.53; all spousal support payments by Husband to the Wife shall cease and terminate upon remarriage of the Wife, or death of the Wife, or death of the Husband, whichever event should first occur; during the period that spousal support and/or child support is payable by the Husband to the Wife, such support payments are subject to increase, decrease, suspension, and/or elimination upon petition by either Husband or Wife to a Court of competent jurisdiction and proper proof of a change of circumstances in justification thereof under the law of Virginia.

&ast; &ast; &ast; &ast; &ast; &ast;

6. In addition to the payments provided in paragraph numbered 1 above, and in the nature of support to be paid by Husband to Wife, Husband shall pay all bills and/or indebtednesses of the parties and/or either of them incurred prior to the date of this agreement (including, but not limited to, the medical, hospital, and doctors' bills of the Wife and the debt due "Children's Caravan, Ltd." of approximately $537.51 with Court costs; with $400.00 to be paid out of the proceeds of closing on the residential property, and reimbursement by Husband to Wife within three (3) weeks; and the lien and/or indebtedness on the 1975 Oldsmobile Station Wagon now used by the Wife, and Husband shall save Wife harmless from payment, loss, and/or damage in connection with the same. In the event that legal action is instituted against any hospital insurance carrier (including but not limited to United Chambers Trust), for recovery of sums of payment of Wife's medical and/or hospital and/or doctors bills incurred during 1978 or 1979, both Husband and Wife will fully cooperate and do all reasonable acts in connection with the bringing and pursuing of said legal action. Should any such insurance carrier fail or refuse to promptly make payment of Wife's said bills then Husband and Wife shall, without delay, institute such legal action against all such carriers for payment of such bills.

Further provisions of the stipulation required husband to provide hospitalization and medical expense insurance coverage, expenses for the children to attend college, for a division of the properties owned by the parties jointly, and other rights.

Subsequent to the approval of the stipulation by the State Court, husband filed a petition in bankruptcy. There he listed as debts to be discharged the obligations described in paragraph six of the stipulation. After a hearing, the Bankruptcy Court denied a discharge of those debts, holding that by the language of the stipulation the payments of the debts were "in the nature of support and are not a mere distribution of wealth as between the parties" and non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5). Though the Bankruptcy Court held the obligation of husband to "provide the parties' minor children with hospitalization and medical expense insurance coverage," as set out in paragraph 9 of the stipulation, as also non-dischargeable, no issue is raised as to that holding, nor was that holding appealed.

The issue on this appeal is set forth in the appellant's statement of issues on appeal thusly:

The sole issue which appellant intends to present on appeal is:

Where, prior to declaring bankruptcy, a debtor has agreed to pay to third party creditors debts incurred by him and his ex-wife, and the payment of such debts is stipulated in a separation agreement confirmed and adopted as a part of a final decree of divorce by a State Court, and the payment of such debts is designated by the parties in the language of the agreement to be in the nature of support, are such debts dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5)(B)?

## II.

Pursuant to the provisions of Virginia Code Section 20–109, if a stipulation or contract between spouses is filed with the pleadings or depositions in a divorce case, "then no decree or order directing the payment of alimony (now support and maintenance) for a spouse, suit money, or counsel fees shall be entered except in accordance with that stipulation or contract unless a party raises objection thereto prior to entry of the decree." *Harris v. Harris,* 217 Va. 680, 232 S.E.2d 739 (1977); *McLoughlin v. McLoughlin,* 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970); *Thomas v. Thomas,* 216 Va. 741, 222 S.E.2d 557, 559 (1976). A decree affirming and adopting the provisions of an agreement relative to the payment of a stipulated sum in lieu of alimony (now maintenance and support) is "an order directing the payment of alimony (now maintenance and support) within the meaning of the proviso in Code § 20–109." *Dienhart v. Dienhart,* 210 Va. 101, 168 S.E.2d 279, 281 (1969); *Thomas v. Thomas, supra,* 222 S.E.2d at 559. Hence a decree directing the payment of a sum—in lieu of alimony—is under Virginia law a decree for the payment of alimony. *Dienhart v. Dienhart, supra,* and an "order suspending the obligation to pay alimony is such an order," *Harris v. Harris, supra,* where the order provides for payments pursuant to a stipulation. *See Thomas v. Thomas, supra.*

Alimony has been defined by the Virginia Supreme Court as "sustenance or support of the wife by her divorced husband," and "stems from the common law right of the wife to support by her husband, which ... continues to exist even after they cease to live together, ... it has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage." *Eaton v. Davis,* 176 Va. 330, 10 S.E.2d 893, 897 (1940). "It may, however, take the form of either a lump-sum payment or the more usual periodic payments." *Id.*

The Bankruptcy Act, 11 U.S.C. § 523(a), provides that a discharge "does not discharge an individual debtor from any debt"—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property

settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ....

The explanation of the language of the above section as recorded in U.S. Congressional and Administrative News, 1978, second session, Vol. 5, 5787 at page 6320, and set out also in the notes to the section as found in United States Code Service, Title 11 § 523, at page 50 says—

Paragraph (5) excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child.

\* \* \* \* \* \*

This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. *See Hearings*, pt. 3, at 1287–1290.

The notes in the aforesaid United States Code Service to Title 11 § 523, at page 54, relate—

Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The provision excepts from discharge a debt owed to a spouse, former spouse or child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse, or child.

A case on all fours with this case is *Liverman v. Liverman*, referred to also as *In Re Liverman*, 463 F.Supp. 906 (D.C.E. Va.1978). There the bankrupt appealed from the order of the Bankruptcy Court holding nondischargeable joint debts created by the parties and assumed by husband pursuant to a valid agreement for the payment of alimony. There, husband, prior to filing bankruptcy, entered into a stipulation providing that husband would pay $205.00 per month to wife, and in addition was to assume, pay and hold harmless his former wife from joint obligations to specified creditors. The divorce decree expressly ordered husband and wife to comply with the terms of the stipulation. The Court held that whether the question was viewed as a question of fact or of law, the Bankruptcy Court should be affirmed. The Court held that the "provisions of the stipulation agreement concerning the obligation on the part of ... (husband) to pay the subject joint debts and to hold ... (wife) harmless on those debts created an obligation for the payment of alimony and that the debts were [are] in the nature of alimony and spousal support and thus nondischargeable in bankruptcy." 463 F.Supp. at 908.

Subsequent to the above decision the Fourth Circuit decided *Melichar v. Ost*, 661 F.2d 300 (4th Cir.1981). The issue there was whether an agreement providing for payment of a lump-sum in monthly installments was alimony under Illinois law. The Court pointed out that the mere fact an agreement may be a "hybrid of two means of paying alimony recognized by state law, and the fact that it combines features of both does not automatically destroy the nature of the payments as alimony." Continuing, the Court said that the proper test of whether the payments are alimony "lies in proof of whether it was the intention of

the parties that the payments be for support rather than as a property settlement." 661 F.2d 303. The Bankruptcy Court here, as there, found that the parties intended the payments were to be for support rather than as a property settlement. "A district court has authority to set aside a finding of fact by a bankruptcy court only if it is clearly erroneous. Bankruptcy Rule 810." *Id.* 661 F.2d p. 303. *See also Shacter v. Shacter,* 467 F.Supp. 64 (D.C.Md.1979), *aff'd* on district court opinion, 610 F.2d 813 (4th Cir.1979). There the Court said that in determining whether certain obligations are liabilities for support "a court should look to the substance of the obligation, and not to labels imposed by state law."

In *Poolman v. Poolman,* 289 F.2d 332 (8th Cir.1961), husband agreed to pay to wife a stipulated sum each month for support and maintenance of their three children, and to make the required payments on a deed of trust on a home which he conveyed to wife. The Court held that the obligation to make the payments on the deed of trust was not dischargeable in bankruptcy. As a part of its reasoning, it held that the language in *Wetmore v. Markoe,* 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390, that unless positively required by direct enactment the Court should not presume "a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children."

Though it is clear that the language of the Bankruptcy Act as it regards the fact of whether a sum is alimony is to be determined by federal law, the federal law and the law in Virginia are in accord. The "authorities are clear, and the parties do not dispute, that 'alimony' in section 17(a)(7) [1] of the Bankruptcy Act means payments in the nature of support for a former spouse." [citations omitted]. *Nichols v. Hensler,* 528 F.2d 304, 307 (7th Cir.1976).

In *Stephens v. Stephens,* 465 F.Supp. 52, 53 (W.D.Va.1979), the Court said that irrespective of § 17(a)(7) of the Bankruptcy Act, "alimony, maintenance, and support are not dischargeable as they are not debts within the purview of the Bankruptcy Act." It cited *Audubon v. Shufeldt,* 181 U.S. 575, 578, 21 S.Ct. 735, 45 L.Ed. 1009 (1901); *Melichar v. Ost,* 445 F.Supp. 1162 (D.C.Md. 1977).

*See also, In Re Carrigg* referred to as *Carrigg v. Carrigg,* 14 B.R. 658, 8 BCD 330, D.S.C. 1981, and cases there cited.

### III.

■ The language in paragraph 1 of the stipulation sets forth that husband "shall pay to the Wife $700.00 per month as spousal support and child support...." Later, in paragraph 6 of the stipulation the agreement sets forth "In addition to the payments provided in paragraph numbered 1 above, and in the nature of support to be paid by Husband to Wife, ..." husband shall pay the bills in question. Paragraph 1 provides for payments as "spousal support and child support." If paragraph 6 did not intend to make the payments of the said bills as "support and maintenance," why was the language "In addition to the payments provided in paragraph 1" used? It was an agreement to pay additional sums for "spousal support," otherwise such language would have no meaning and would not have been used, nor would the language "and in the nature of support to be paid by Husband to Wife" have been added. Paragraph 5 contained a provision for husband to pay to wife $10,000.00, but no language was included as to that payment such as "In addition to the payments provided for in paragraph numbered 1," or that it was "in the nature of support to be paid by Husband to Wife." Further, the Bankruptcy Court held that the provisions of paragraph 9 of the stipulation were not

---

1. "For purposes of this case, the language of the two sections"—§ 17(a)(7) of the pre-1978 Bankruptcy Act, 11 U.S.C. § 35(a)(7), and the Bankruptcy Reform Act of 1978, 11 U.S.C. § 523(a)(5)—"is the same." *Melichar v. Ost,* 661 F.2d 300, 301, Ft. Note 1 (4th Cir.1981).

dischargeable in bankruptcy. Husband has not appealed that ruling, although there is no language there similar to the language in paragraph 6.

The payment of $100.00 per month for maintenance and support of wife, when measured by the payment of $300.00 per month for each of the children, could hardly be said to be. an ample sum to support wife. It would have been unreasonable to have expected her to accept such a minimal sum for maintenance and support, without the agreement to pay the debts in question. For that reason paragraph 6 was added and provided that in addition to the aforesaid payment and in the nature of support to be paid by husband to wife, the debts were to be paid. It is clear the parties had in mind the language of 11 U.S.C. § 523(a)(5)(B) which uses the language "in the nature of alimony,[2] maintenance or support."

For the reasons hereinabove stated, the Bankruptcy Court is AFFIRMED.

---

**2.** The word alimony was not used because the Virginia statute refers only to maintenance and support.