## Norfolk

FREDERICK REED SEEHORN

v.

MARLENE R. SEEHORN

No. 0081-87-1

MARLENE R. SEEHORN

v.

FREDERICK REED SEEHORN

No. 0106-87-1

Decided November 15, 1988

Robin L. Tolerton (Smith and Tolerton, on brief), for
Frederick Reed Seehorn.

Michael F. Fasanaro, Jr., for Marlene R. Seehorn.

OPINION

**BAKER, J.** — This is an appeal from a decree of divorce entered in the Circuit Court of Virginia Beach (trial court) which granted Frederick Reed Seehorn (husband) a fault divorce from Marlene R. Seehorn (wife) on the ground of desertion. The decree ordered husband to pay monthly spousal support to wife, and further made a pension fund monetary award of $100,000 to wife payable at the rate of fifty percent of the cash benefits actually received by husband. Husband asserts that the trial court lacked authority to grant spousal support because wife was declared at fault, and that the trial court further erred when it entered a monetary award to wife which was equal to forty-five percent[1] of the total value of husband's anticipated pension benefit payable as stated above.

Wife appeals, asserting that the trial court erred in declaring that she was at fault and that it failed to consider the factors enumerated in Code § 20-107.1 in making the spousal support award. Wife further contends that on December 30, 1984, the parties executed a Separation and Property Settlement Agreement (agreement) requiring husband to make support payments to her and that Code § 20-109.1 requires that the trial court approve the agreement in a decree which would direct husband to pay her spousal support.

After the parties had been separated more than a year, wife filed a divorce suit, praying that she be granted a no-fault divorce pursuant to the provisions of Code § 20-91(9). In her bill, wife further requested that an equitable distribution award be made and that the agreement "be made a part of a final decree of divorce," including the provision of the agreement directing payment of spousal support.

Husband filed a cross-bill, praying that he be granted a divorce on the ground that wife had deserted him without cause. His bill objected to the agreement being made a part of any decree, and he specifically requested that spousal support be denied.

Wife responded to the cross-bill, asserting that the separation was by mutual consent but that, in any event, her leaving was legally justified because of husband's "alcoholism and his withdrawal from the connubial relationship in every way."

---

[1] Actually, the award was slightly less than forty percent.

Pursuant to an order of the trial court testimony was taken before a commissioner in chancery and a report of his findings was filed on October 8, 1986. The commissioner reported that wife had "left the marital residence without legal justification; and, as a consequence, was guilty of desertion;" however, he recommended that, although husband should be awarded a fault divorce, he should be required to pay spousal support to wife. The trial court confirmed the commissioner's report. In its final decree, the court awarded husband a divorce on the ground of desertion, but ordered husband to pay monthly spousal support to wife.

We first address wife's allegations that the trial court erred in granting husband a divorce based on the ground of her desertion. The record discloses that on or about December 1, 1984 wife left the family home and set up her own residence separate and apart from husband, intending that the separation be permanent. Husband testified that her leaving was willful and without cause. In the absence of proof that her leaving was with cause wife is guilty of desertion. Where the leaving is alleged to have been caused by the misconduct of the spouse who remains in the family residence, such misconduct must be proved to be so serious that it makes the marital relationship intolerable or unendurable. *Hoback v. Hoback*, 208 Va. 432, 436, 158 S.E.2d 113, 116 (1967). In such cases the duty of going forward with the evidence of justification rests upon the party who leaves, unless the justification appears from the testimony adduced by the remaining party. *Breschel v. Breschel*, 221 Va. 208, 211, 269 S.E.2d 363, 365 (1980). The commissioner, who heard the testimony of the parties and their witnesses, concluded that wife failed to prove the leaving was justified. The trial court affirmed the finding of the commissioner. The judgment of the trial court is presumed correct, *Hoback*, 208 Va. at 435, 158 S.E.2d at 116, and where, as here, it approves a commissioner's report it will not be disturbed on appeal unless the record reveals that it is plainly wrong or without evidence to support it. Code § 8.01-680; *Sprott v. Sprott*, 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987).

The record discloses conflicting evidence on the issue of the reason for the separation. Wife testified that, although she left husband, the separation was by agreement brought on by husband's excessive consumption of alcohol. We have reviewed the record and conclude that the evidence of excessive consumption of alco-

hol did not as a matter of law render cohabitation unsafe by endangering life or health and, therefore, did not support wife's claim of constructive desertion. *See Hoffecker v. Hoffecker*, 200 Va. 119, 125, 104 S.E.2d 771, 775-77 (1958); *Zinkhan v. Zinkhan*, 2 Va. App. 200, 208-09, 342 S.E.2d 658, 662-63 (1986). In addition, the circumstances shown in the record adequately furnish the required corroboration of her desertion. *See Graves v. Graves*, 193 Va. 659, 661-62, 70 S.E.2d 339, 340 (1952). Moreover, the evidence did not support her claim that her departure from the family residence was legally justified. The commissioner inquired specifically as to the basis for wife's leaving the family home. She responded with the following comment:

I guess to put it in a nutshell is the fact the main reason was that I had ultimately given Mr. Seehorn an ultimatum, either stop drinking or I would leave, and he chose to continue drinking, so I did leave.

Wife's evidence is not sufficient to bring her claim of justification within the holdings of *Capps*,[2] *Breschel*,[3] *Rowand*,[4] or *Brawand*.[5] For the reason stated, we affirm that portion of the divorce decree which awarded husband a divorce from wife on the ground of desertion. Under the law applicable at the time of these proceedings, a wife could not be awarded alimony when the husband is granted a divorce because of her fault or misconduct. *McClung v. McClung*, 206 Va. 782, 146 S.E.2d 195 (1966); *Stolfi v. Stolfi*, 203 Va. 696, 702, 126 S.E.2d 923, 927 (1962).

Having concluded that the record supports the judgment of the trial court which declared wife at fault, we next decide whether, on the facts contained in this record, Code § 20-109.1 empowers a trial court to award spousal support to a party at fault contrary to the mandate contained in Code § 20-107.1. We find that it does not.

The parties separated on December 1, 1984. On January 2, 1985 they acknowledged a writing dated December 30, 1984 entitled "SEPARATION AND PROPERTY SETTLEMENT

---

[2] *Capps v. Capps,* 216 Va. 382, 219 S.E.2d 898 (1975).
[3] *Breschel v. Breschel,* 221 Va. 208, 269 S.E.2d 363 (1980).
[4] *Rowand v. Rowand,* 215 Va. 344, 210 S.E.2d 149 (1974).
[5] *Brawand v. Brawand,* 1 Va. App. 305, 338 S.E.2d 651 (1986).

AGREEMENT." Paragraph 5 of the agreement was designated "ALIMONY, SUPPORT AND MAINTENANCE" and initially provided that "husband shall pay to wife as and for her support and maintenance the sum of" $400 per month. A penned note at the end of Paragraph 5 directed: "See side margin." In the margin, also handwritten, was an addendum providing that the amount could be raised or lowered according to the "changed circumstances" rule and contained the following limitation:

At the end of one year's separation, the husband and wife will renegotiate the amount of spousal support; and, if they cannot come to an agreement, *they will submit this to the Court and let the Court decide the amount.* (emphasis added).

Thereafter, Paragraph 18, designated "INCORPORATION OF AGREEMENT," provided:

It is understood and agreed that any cause existing justifying divorce shall not be abrogated by the terms of this agreement, but that it is the intention and desire of the parties that any action for divorce between them shall be subject to and governed by the terms of this Agreement, and the terms and conditions set forth in this Agreement shall be incorporated into any decree of divorce which may be entered in any action between the parties hereto, pursuant to Section 20-109.1 of the Virginia Code.

After the expiration of one year, husband attempted to negotiate a reduction in the sum he was to pay and wife refused to discuss the matter. Shortly thereafter, wife filed the suit from which this appeal emanates. In her bill wife requested that the agreement be incorporated in any decree of divorce entered in the cause. Husband's answer, cross-bill and his testimony before the commissioner, specifically asked that the agreement not be included in the divorce decree. His objection continued with an exception to the commissioner's report.

Thus, before the commissioner and the court, wife requested confirmation and inclusion of the agreement and husband prayed that the court deny confirmation and exclude the agreement from the divorce decree. In light of the foregoing, we cannot determine

the basis for the trial court's statement in the final decree "that both parties have requested that said Stipulation Agreement be approved and confirmed." Although similar language was contained in the agreement it is patent that once the divorce suit was filed husband continually objected to the trial court's consideration of the agreement and its inclusion in the decree.

Husband asserts that the following provision of Code § 20-107.1 deprives the trial court of jurisdiction to award spousal support to wife in this case:

Any maintenance and support shall be subject to the limitations set forth in § 20-109, and no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under any provision of § 20-91(1), (3) or (6) or § 20-95.

As shown above husband was a spouse in whose favor a ground of divorce exists under the stated provisions. As aforementioned, at the time this suit was filed and decided by the trial court, the established rule in Virginia was that alimony would not be awarded to a wife when the husband was granted a divorce because of her fault or misconduct.[6] Wife argues, however, that Code § 20-109.1[7] is controlling, and that jurisdiction to make

---

[6] This rule was changed by statute effective July 1, 1988. *See* Code § 20-107.1, as amended.

[7] § **20-109.1:**

**Affirmation, ratification and incorporation by reference in decree of agreement between parties.** — Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, or by a separate decree prior to or subsequent to such decree, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein. Upon the death or remarriage of the spouse receiving support, spousal support shall terminate unless otherwise provided by stipulation or contract. In any case where jurisdiction is obtained over a nonresident defendant by order of publication or by acceptance of service pursuant to § 20-99.1, any properly acknowledged and otherwise valid agree-

awards such as the subject of this appeal is given to the trial court by the provisions of that Code section. The record abundantly supports the conclusion that the trial court erroneously made a finding in the divorce decree that both parties requested approval and incorporation of the terms of the agreement into the decree. While the trial court apparently believed that the agreement was offered on behalf of both parties and that both parties requested that it be incorporated in the divorce decree, the record does not support that belief. This error alone is sufficient to reverse and remand this cause; however, we must also answer the question whether Code § 20-107.1 prohibits the chancellor from ordering that spousal support payments be made to a party declared to be at fault on the ground of desertion even though the other party, by contract, may have agreed to make such payments but objects to the entry of such order. Our consideration of this issue must take into account that at all stages of this divorce suit husband objected to the agreement being incorporated into the decree.

The proviso contained in Code § 20-109 which directs that no decree shall be entered "except in accordance with" the contract between the parties is not a command that the trial court incorporate the terms of the contract into the decree. The statute requires only that the decree itself shall not contain provisions which would make the contract terms ineffective. Decisions of the Supreme Court of Virginia note an exception to the "in accordance" rule when either party objects, as here, to the entry of a decree incorporating the terms of the contract. *See Harris v. Harris,* 217 Va. 680, 681, 232 S.E.2d 739, 740-741 (1977); *Thomas v. Thomas,* 216 Va. 741, 743, 222 S.E.2d 557, 559 (1976); *In re Sledge* 47 B.R. 349, 351 (D.C. 1981). The reason for the exception referred to in *Harris* and *Thomas* becomes clear upon an examination of the holding in *Dienhart v. Dienhart,* 210 Va. 101, 168 S.E.2d 279 (1969). There the terms of a contract between the parties providing that Mr. Dienhart pay support of $125 per month to his wife were incorporated into a final decree of divorce. Subsequently, he sought modification of the payments due to a substantial "change of circumstance." The Supreme Court held that because he did not object to the entry of the divorce decree the trial court could not thereafter make any ruling except in "accord with the settle-

ment entered into between the parties may be affirmed, ratified and incorporated as provided in this section.

ment contract." *Id.* at 103, 168 S.E.2d at 281. Thus, Mr. Dienhart's failure to object surrendered his right to request modification. In the case before us, to protect rights otherwise given him by law, husband timely objected to the entry of the divorce decree which incorporated the contract. The trial court should have declined to incorporate the contract in its decree and fashioned its decree in accord with the legislative direction relative to fault. The exception does no harm to either party. If the contract between the parties is otherwise binding, a remedy for the party who seeks enforcement is readily available in an action at law. *See McLoughlin v. McLoughlin*, 211 Va. 365, 177 S.E.2d 781 (1970).

██ The Supreme Court of Virginia has adopted the following statement concerning statutory construction:

Statutes are sometimes extended to cases not within the letter of them, and cases are sometimes excluded from the operation of statutes, though within the letter, on the principle that what is within the intention of the makers of a statute, is within the statute though not within the letter; and that what is within the letter of the statute and not within the intention of the makers, is not within the statute—it being an acknowledged rule in construction of statutes, that the intention of the makers ought to be regarded.

*Shackleford v. Shackleford*, 181 Va. 869, 877-78, 27 S.E.2d 354, 358 (1943).

██ "Jurisdiction in divorce suits is purely statutory, and it cannot be acquired by the courts inferentially or through indirection." *Johnson v. Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 353-54 (1983). "When the General Assembly confers jurisdiction on divorce courts, it accomplishes the purpose using clear, detailed language." *Id.* at 645, 299 S.E.2d at 354. The language contained in Code § 20-107.1 explicitly prohibits an award of spousal support to the party at fault. The wording of Code § 20-109.1, when considered in the context of a divorce decree where one party is found to have one of the specified fault-based grounds for divorce does not explicitly permit the trial court to enter an award of spousal support to the spouse at fault over the objection of the favored spouse and contrary to the mandate of Code § 20-107.1. While the statutes are related as to subject matter, a related statute cannot be utilized to create doubt in an otherwise clear statute. *Manchin v. Dunfee*, 327 S.E.2d 710 (W. Va. 1984) (citing

*Heringer v. Rolf*, 287 S.W.2d 149 (Ky. 1956)); *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 447 N.E.2d 394 (1983); *International Brotherhood of Electrical Workers v. Gillen*, 174 N.J. Super. 326, 416 A.2d 446 (1980); *Sinclair v. Dept. of Health & Social Services*, 77 Wis. 2d 322, 253 N.W.2d 245 (1977). We find nothing in the language of Code § 20-109.1 which discloses a legislative intent to supersede the clear mandate expressed in Code § 20-107.1.

■ The parties agreed that the value of husband's pension was $262,000. This was a marriage of nineteen years which ended when wife deserted husband. The determination of the monetary award wife is to receive in equitable distribution of the marital estate is within the discretion of the trial court using the guidelines set forth in Code § 20-107.3. *Bentz v. Bentz*, 2 Va. App. 486, 489, 345 S.E.2d 773, 774 (1986); *see also Artis v. Artis*, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987); *Rexrode v. Rexrode*, 1 Va. App. 385, 394-95, 339 S.E.2d 544, 550 (1986). On the facts contained in this record we find no abuse of discretion either in the amount of the award or method of payment.

Accordingly, that portion of the decree appealed from which incorporates the agreement and awards spousal support to wife is vacated. To that extent only, the judgment of the trial court is reversed. This conclusion, however, shall not prejudice the rights of the parties in any subsequent proceeding outside the divorce to determine the validity of the agreement and obligations, if any, required of either. *See McLoughlin v. McLoughlin*, 211 Va. 365, 368, 177 S.E. 2d 781, 782 (1970).

*Affirmed in part,*
*reversed in part.*

Koontz, C.J., and Keenan, J., concurred.