**Keith L. PHILLIPS, Trustee, Plaintiff,**

v.

**Frances P. CHANDLER, Defendant.**

**No. CIV.A. 3:97CV665.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 23, 1997.

---

Charles Thomas Ebel, Richmond, VA, for Plaintiff.

Derrick Edward Rosser, Spinella, Owings & Shaia, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

### A. Introduction

This matter is before the Court on appeal from the judgment of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, granting the motion to dismiss of the defendant Frances. P. Chandler. The question before the Court is whether the Bankruptcy Court erred as a matter of law in holding that Virginia Code Sections 20–107.3(c) and 55–96 *cannot* operate to void the transfer of real property embodied in a divorce decree, thereby permitting the bankruptcy trustee to use his hypothetical lien to avoid the transfer. For reasons set forth below, the case is reversed and remanded to the Bankruptcy Court for a determination of damages.

### B. Factual Background

The following are the principal facts which provide the foundation for this case.

1. Patrick Chandler (the "Debtor") was once married to Frances Chandler (the "De-

fendant"). While they were married, Patrick and Frances purchased and owned certain real property as tenants by the entirety (the "Property"). Frances sought and obtained a divorce from Patrick by decree entered by the Circuit Court of Hanover County on August 12, 1994. The decree provided, among other things, that all right, title and interest in the Property would become the sole property of Frances, subject to all liens and encumbrances.

2. On April 10, 1995 Patrick Chandler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division. As of this date, however, the decree granting the divorce of Frances and Patrick and transferring ownership of the Property to Frances was *not recorded* pursuant to Va.Code § 20–107.3(C). Va.Code § 20–107.3(C) provides, in pertinent part that:

All orders or decrees which divide or transfer or order division or transfer of real property between the parties *shall be recorded* and indexed in the names of the parties in the appropriate grantor and grantee indexes in the land records in the clerk's office of the circuit court of the county or city in which the property is located.

3. As a result of Patrick Chandler's voluntary petition for Chapter 7 relief, the appellant Keith Phillips was appointed to be the Chapter 7 trustee (the "Trustee"). Under federal bankruptcy law, the trustee occupies the status of a creditor with a judicial lien on all property of the debtor on which a creditor could have obtained a judicial lien. 11 U.S.C. § 544(a)(1). The extent of the trustee's rights as a judicial lien creditor is measured by the substantive law of the jurisdiction governing the property in question. *In Re Stuckey*, 126 B.R. 697, 701 (Bankr. E.D.Va.1990). In Virginia, a judgment becomes a lien on all real estate of or to which the judgment debtor is or becomes possessed or entitled, from the time such judgment is docketed. Va.Code § 8.01–458. The Virginia Supreme Court has held that a judgment lien is always subject to every possible description of equity held by a third party against the debtor at the time the judgment attached. *C.B. Van Nostrand & Co. v. Virginia Zinc & Chemical Corp.*, 126 Va. 131, 101 S.E. 65 (1919).

4. As the Chapter 7 Trustee in this case, Keith Phillips filed a Complaint for Turnover and to Avoid Transfer of Property (the "Complaint") to avoid the transfer of the Debtor's one-half interest in the real property to the Defendant. The Trustee contended that by requiring all decrees transferring real property interests in divorce proceedings to be recorded, the Virginia General Assembly had intended to bring divorce decrees within the ambit of Va.Code § 55–96(A)(1). Section 55–96(A)(1) provides, in pertinent part, that:

Every (I) such contract in writing, (ii) deed conveying any such estate or term, (iii) deed of gift, or deed of trust, or mortgage conveying real estate ... *shall be void* as to all ... lien creditors, until and except from the time it is duly admitted to record in the county or city wherein the property embraced in such contract, deed or bill of sale may be.

(Emphasis added).

The Trustee concluded that since 11 U.S.C. § 544(a)(1) grants him the rights of a hypothetical creditor as of the date of the Chapter 7 petition, the Defendant's failure to record the decree prior to that time renders the transfer void and leaves the Debtor and the Defendant each owning an undivided one-half interest in the real property as tenants in common.

5. The Defendant responded to the Complaint with a Motion to Dismiss on or about May 9, 1997. She argued that if the Virginia General Assembly had intended to add divorce decrees to the instruments listed in § 55–96(A)(1), the change would have been explicitly made in the statute itself. The Defendant cited *Barnes v. American Fertilizer Co.*, 144 Va. 692, 130 S.E. 902 (1925) in which an individual creditor of a former husband had sought to attach real property which the circuit court in a final divorce decree already had transferred in whole to his former wife. The *Barnes* court held that the predecessor to § 55–96(A)(1) did not extend "to contracts embodied in valid decrees

entered by courts of equity." *Id.,* 130 S.E. at 910. Moreover, the *Barnes* court ruled that the entry of the divorce decree vested the former wife with an equitable interest in the real property "which, not being within the operation of the registry statute, is superior to the lien of the attachment in this case." *Id.* at 911.

6. On or about May 21, 1997, the Trustee filed an Objection to Defendant's Motion to Dismiss and Motion for Summary Judgment. The Trustee asserted that *Barnes* was not controlling because of the subsequent enactment of Va.Code § 20–107.3(C), which now requires the recording of marital decrees transferring real property interests.

7. On July 8, 1997, the Bankruptcy Court conducted a hearing on Defendant's Motion to Dismiss. On July 15, 1997 the Honorable Douglas O. Tice, Jr. entered an order granting the Defendant's Motion to Dismiss. It construed Section 55–96(A)(1) to be a direct statute limited in jurisdiction by its enumeration of four distinct classes of instruments which are deemed void if not recorded.

In light of the unambiguous language of § 55–96(A)(1), the bankruptcy court asserted that it was unwilling to (1) hold that its explicit mandates must yield to the implicit policy of § 20–107.3(C); or (2) find that the legislature's failure to amend it was "an inadvertent omission to be supplied by judicial construction." Quoting *Greer v. Dillard,* 213 Va. 477, 193 S.E.2d 668, 670 (Va.1973). For these reasons, the Bankruptcy Court concluded as a matter of law that notwithstanding the command to record found in § 20–107.3(C), § 55–96(A)(1) cannot operate to void the transfer of real property embodied in a decree of divorce.

8. Applying this holding to the dispute before it, the bankruptcy court held that Patrick Chandler had no interest in the former marital residence to which the Trustee's hypothetical lien could have attached at the time of filing.

## C. Analysis

■ The question before the Court is whether the Bankruptcy Court erred as a matter of law in holding that Virginia Code Sections 20–107.3(C) and 55–96 *cannot* operate to void the transfer of real property embodied in a divorce decree, thereby permitting the bankruptcy trustee to use his hypothetical lien to avoid the transfer. Out of this question emanates a critical inquiry as to how the Court shall reconcile an internal inconsistency in Virginia law: whether the viability of divorce decrees transferring real property shall be controlled by the mandates of Virginia Code § 107.3(C) or whether the strictures of Virginia Code § 55–96(A)(1) shall impose a statutory silence on the validity of unrecorded divorce decrees transferring real property.

The arguments underlying the bankruptcy court's adherence to the narrow scope of § 55–96(A)(1) rely upon (1) *Barnes,* a Virginia Supreme Court case from 1925; (2) a strict reading of § 55–96(A)(1); and (3) the assertion that the Virginia Assembly intentionally left § 55–96(A)(1) untouched even though it amended § 20–107.3(C) to require that divorce decrees transferring real property be recorded.

The arguments underlying the Trustee's appeal to bring divorce decrees within the ambit of § 55–96(A)(1) rely upon (1) the unambiguous recording requirements of § 20–107.3(C); (2) cases which seem to reveal the Virginia legislature's intent to overrule the common law of *Barnes;* and (3) cases with nearly identical fact patterns in Tennessee and Colorado wherein the bankruptcy courts have required divorce decrees to be recorded in order to be effective against creditors and bona fide purchasers.

The memorandum opinion issued by the bankruptcy court in this case is well-reasoned and clearly written. The lower court provides compelling arguments to support its position that a court (1) shall assume that the legislature is familiar with the Virginia case law when it enacts a statute that might impact that law; and (2) shall refrain from construing ambiguous statutes in such a way as to create doubt in otherwise clear statutes. The Court finds that these arguments are indeed appropriate; when they are applied together with a close reading of *Barnes,* however, the Court finds that these arguments are appropriate only to the extent that they

support the *opposite* result reached by the lower court.

■ As pointed out by the bankruptcy court, it is well established that a federal court interpreting state legislation must employ that state's rules of statutory construction. *Phelps v. Hamilton,* 59 F.3d 1058, 1071 (10th Cir.1995); *Municipal Utils. Bd. of Albertville,* 21 F.3d 384, 387 (11th Cir.1994), *cert. denied,* 513 U.S. 1148, 115 S.Ct. 1096, 130 L.Ed.2d 1064 (1995). The two primary rules of statutory construction are (1) that courts "must assume legislative familiarity with Virginia case law when the legislature enacts a statute which might impact upon that law" *Dodson v. Potomac Mack Sales & Serv., Inc.,* 241 Va. 89, 400 S.E.2d 178, 180 (1991); and (2) that "a related statute cannot be utilized to create doubt in an otherwise clear statute" *Seehorn v. Seehorn,* 7 Va.App. 375, 375 S.E.2d 7, 11 (1988). The Court addresses each of these rules in turn.

First, if the Court assumes that the Virginia legislature had full knowledge of the *Barnes* ruling at the time that § 20–107.3(C) was amended and § 55–96(A)(1) was left untouched, then the Court must assume that the Virginia legislature had full knowledge that the *Barnes* decision was issued only because in that case there was no statute in conflict with common law. *Barnes,* 144 Va. at 722, 130 S.E. 902. In the present case, however, the statutory conflict seems to arise when viewed against common law. Read in a light most deferential to Virginia law makers, the recording requirements of § 20–107.3 can only be construed as an embodiment of the legislature's intention to eliminate hidden interests in real property. Likewise, the very existence and clarity of § 55–96(A)(1) suggests that it too was created for the same purpose and intent. To etch the contours of § 20–107.3(C) completely outside the ambit of § 55–96(A)(1) is to ignore what the Court views as a legitimate, concerted effort by Virginia law makers to promote public notice of real property transfers and to eliminate hidden interests in real property.

The second principal reason supporting a broad reading of § 55–96(A)(1) is that the Virginia legislature's intention to overrule the common law of *Barnes* is very clear.

The Court finds that the bankruptcy court's narrow reading of § 55–96(A)(1) would cripple § 20–107.3(C) to the extent that it would catalyze and even promote fraud against innocent and bona fide purchases and/or properly perfected lien creditors. Even though the language of § 20–107.3(C) does not specifically enumerate the ramifications for not recording the decree, the mandate to record is perfectly clear. If the Court adheres to guidance provided by the Virginia Supreme Court to examine § 20–107.3(C) by seeking to discover the intention of the legislature as ascertained from the act itself and to read it "in light of other statutes relating to the same subject matter, and in light of the reasons which led to the passage of the act and the evils which it was intended to cure," the Court must conclude that the recording requirements of § 20–107.3(C) are absolute determinants of whether a decree has validity.

■ To interpret § 20–107.3(C) by inference in such a manner does not subtract from the force of the interpretation; it is well established that a statute often speaks as plainly by inference, and by means of the purpose that underlies it, as in any other manner. *Norfolk So. Ry. Co. v. Lassiter,* 193 Va. 360, 68 S.E.2d 641 (1952). Finally, a broad reading of § 55–96(A)(1) is rather appropriate under Virginia law which holds that statutes which are intended to remedy frauds are to be liberally construed. *Fitzhugh v. Anderson,* 12 Va. 289 (1808).

According to these standards of statutory construction, the bankruptcy court erred by not reading § 20–107.3(C) into the ambit of § 55–96(A)(1). The Court finds that the lower court's ruling creates a conflict between legislative intention and narrow statutory application. The ultimate result of the lower court's ruling lies far beyond its literal reading of § 55–96(A)(1); it would allow and in fact legalize instances of fraud against innocent and bona fide purchases and/or properly perfected lien creditors. The ultimate consequence of this Court's reversal of the opinion below is to overturn the common law of *Barnes;* to recognize the legislature's implied intent to include divorce decrees as instruments of transfer within the meaning

of § 55–96(A)(1); and most importantly, to eliminate hidden interests in real property.

### D. Conclusion

For the foregoing reasons, this Court concludes as a matter of law that § 55–96(A)(1) operates to void the transfer of real property embodied in an unrecorded decree of divorce. Hence, the Court finds that the debtor had an interest in the former marital residence to which the trustee's hypothetical lien could have attached at the time of the filing. That is, under §§ 55–96(A)(1) and 20–107.3(C) an unrecorded divorce decree is void *to the extent that it is not capable of blocking* claims against the property *until such time* as the decree is recorded. When the divorce decree is recorded, its legal force in preempting claims is restored. However, any and all claims originating between the time that the decree is issued and the time that the decree is recorded shall remain viable even after the decree is recorded.

In the case at hand, the Court finds that the defendant's failure to record the decree renders any transfer of the property void and leaves the debtor and the defendant each owning an undivided one-half interest in the property as tenants in common until such time as the decree is recorded. The lower court's dismissal of the action for failure to state a claim is hereby reversed and the case is remanded for the fixing of damages.