# CIRCUIT COURT OF THE CITY OF ROANOKE

Lloyd Wilbert Enoch

v.

Roxie Ann Satterfield Enoch

June 8, 1998

Case No. CH92-236-01

BY JUDGE ROBERT P. DOHERTY, JR.

The parties entered into a property settlement agreement dated July 27, 1992. Their final decree of divorce, entered on September 23, 1992, affirmed, ratified, and incorporated by reference their property settlement agreement, pursuant to Va. Code § 20-109.1. However, contrary to the written language of the property settlement agreement, the final decree of divorce also said that the support obligation would continue:

> until the parties agree to a modification thereof or the amount is modified by proper court order. Each party reserves the right to petition the court for a change in the amount of support due to changed circumstances.

The final decree was endorsed by counsel for each party under the caption "Seen and Agreed." In the Spring of 1998, each party petitioned the Court for a modification of spousal support based on changed circumstances, the payee requesting an increase and the payor requesting a decrease. During oral argument, the payor altered his position and claimed that the terms of the parties' contract was binding on each of them. The Court finds that the parties are bound by the terms of the property settlement agreement but that they can jointly agree to amend it by a written and signed instrument, if they so desire.

The issue of the primacy of the property settlement agreement over contrary rulings by the trial Court is clearly set forth in § 20-109. In a situation where the parties have signed and filed with the Court a written stipulation or contract concerning their rights and obligations regarding spousal support and have done so prior to the entry of the final divorce decree, no order may be entered regarding such spousal support "except in accordance with that stipulation or contract." When there is such a written agreement filed with the Court, "Section 20-109 restricts the Court's jurisdiction over awarding [or adjusting] 'alimony [now spousal support], suit money, or counsel fees' to the terms of the contract." *Thomas v. Thomas*, 216 Va. 741, 743 (1976).

The argument that the endorsement of the final divorce decree by counsel for both parties constituted a signed writing evidencing the intent of the parties to change their property settlement agreement is without merit. The specific terms of their agreement respecting modification are clear and read in part as follows: "No waiver or modification of any of the terms of this Agreement shall be valid unless in writing and executed with the same formality as this agreement." The original agreement was signed by the parties and their signature was acknowledged before a notary public. The final divorce decree was not. Parol evidence is not necessary to determine the straightforward and unambiguous intent of this written contract.

The portion of the final divorce decree allowing the Court to modify the support obligation without the agreement of both parties is void *ab initio*. According to the terms of § 20-109, the Court was totally without jurisdiction to reserve such authority or to make such future changes, unless and until the parties amend their property settlement agreement, in writing, and execute it with the same formality as their original contract.