## Richmond

### PATRICIA ANN HARRIS V. GERALD W. HARRIS.

March 4, 1977.

Record No. 760126.

Present, All the Justices.

*Kaletah N. Carroll*, for appellant.

No brief or argument for appellee.

Per Curiam.

This is an appeal from a decree of the trial court which relieved Gerald W. Harris of his obligation to pay the sum of $200 to his former wife, Patricia Ann Harris, for her support and maintenance for the month of August, 1975.

Prior to entry of a decree *a vinculo matrimonii* in their divorce suit on August 22, 1972, the parties entered into a contract which provided that Gerald W. Harris would pay Patricia Ann Harris the monthly sum of $200 as alimony until her death or remarriage. The agreement also provided for a settlement of property rights between the parties and that Mrs. Harris be awarded custody of their minor daughters. Under the agreement Mr. Harris was obligated to make monthly child support payments to Mrs. Harris. The agreement was filed in the divorce suit and the *a vinculo* decree ratified and confirmed the contract and ordered the parties "to comply with all its terms".

In July, 1975, Mr. Harris petitioned the court alleging that he was unemployed and without assets with which to make payments of child support and alimony. The narrative statement of fact, filed under Rule 5:9(c), shows that the trial court conducted a hearing on the petition on July 25, 1975. Mr. Harris testified that "he was unemployed and had no income for [that] month . . . ; that he had sold personal property and depleted his savings account in order to permit full payment of alimony . . . and had no monies with which to make forthcoming alimony payments. . . ." Mrs. Harris testified ". . . that at the time of the entry of the [f]inal [d]ecree of [d]ivorce she was unemployed; that she had not remarried; and that, at the time of [her] testimony, she was employed. . . ."

The trial court, finding "that there had been a substantial change of circumstances relating to [Mr. Harris'] income", decreed that Mr. Harris' obligation to make the payments for child support and alimony were "suspended for the month of August, 1975."

Mrs. Harris does not challenge the trial court's right to suspend the payment of child support. She asserts, however, that the trial court erred in suspending payment of alimony to which she was entitled under the contract ratified and approved by the *a vinculo* decree.

Under the proviso contained in Code § 20-109, if a stipulation or contract between spouses is filed with the pleadings or depositions in a divorce case, then no decree or order directing the payment of alimony (now support and maintenance) for a spouse, suit money, or counsel fees shall be entered except in accordance with that stipulation or contract unless a party raise objection thereto prior to entry of the decree. As we pointed out in *McLoughlin* v. *McLoughlin*, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970), this restricts the court's jurisdiction over awarding "alimony [now support and maintenance], suit money, or counsel fee" to the terms of the contract.

In *Dienhart* v. *Dienhart*, 210 Va. 101, 102-103, 168 S.E.2d 279, 281 (1969), we held that a decree eliminating alimony constituted an " 'order directing the payment of alimony' within the meaning of the proviso in Code § 20-109". Here, the order suspending the obligation to pay alimony is such an order.

*Reversed and remanded.*