## Richmond

# PRENTICE ALBERT LINDSAY V. NADINE ROSE SEBESTA LINDSAY

November 23, 1977.

Record No. 761102.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Richard R. Nageotte (Robert J. Zelnick; Nageotte, Borinsky & Zelnick, on brief), for appellant.*

*Burke F. McCahill (Quinlan H. Hancock, on brief), for appellee.*

COCHRAN, J., delivered the opinion of the Court.

The question presented in this appeal is whether the trial court without authority modified a support and property settlement agreement between a husband and wife and then incorporated the modified agreement into a final decree of divorce.

On August 3, 1971, Prentice Lindsay and Nadine Lindsay, his wife, executed an agreement which recited that they had separated. It was agreed that Mrs. Lindsay would have custody of the three infant children of the parties; that Lindsay would pay her $575 per month for the support of herself and the children until the children attained the age of 21 years, became married, self-supporting or otherwise emancipated; that he would make the monthly house payments of $345 per month on the family residence in which Mrs. Lindsay and the children would continue to reside; and that he would pay for orthodontic treatment required by one of the children. It was also provided that in the event of divorce proceedings the agreement should be incorporated in any decree entered therein.

In January, 1975, Mrs. Lindsay filed a bill of complaint in the trial court in which she sought a divorce from Lindsay on the ground of voluntary separation for the required statutory period, custody of one child who was still an infant, support and

maintenance for herself and the child, court costs, and counsel fees. After Lindsay on his own initiative had reduced the payment required by the agreement, Mrs. Lindsay filed a motion for *pendente lite* allowances and by agreement a consent order was entered on March 12, 1975, under which "pending a hearing of this cause on the merits" Lindsay was required to pay $450 per month to his wife for the support of herself and the infant child, and $351 per month for the house payment. Lindsay was also ordered to pay $75 as a "preliminary" counsel fee to Mrs. Lindsay's attorney.

The matter was referred to a commissioner in chancery who conducted an extensive evidentiary hearing on Mrs. Lindsay's bill of complaint and Lindsay's cross-bill in which he sought a divorce on the ground of desertion. The 1971 agreement, offered by Mrs. Lindsay for evidentiary purposes only, was filed with the depositions. Lindsay requested that the agreement not be ratified by the court and incorporated into any final decree. In his report filed September 16, 1975, the commissioner recommended that Mrs. Lindsay be awarded a divorce on the ground of voluntary separation and that Lindsay's cross-bill be dismissed.

On January 30, 1976, after conducting an *ore tenus* hearing, the trial court ruled that the 1971 agreement would be ratified and incorporated into the final decree of divorce subject to these modifications: Lindsay was ordered to pay his wife $387.50 per month for her support until she remarries or dies and $62.50 per month for the support of the infant child, and to make the house payment of $351 per month until the house is sold or the child has reached the age of 21 or has become emancipated, whichever event shall last occur. Upon sale of the house the support payments for the wife would be $562.50 per month. By decree entered April 23, 1976, awarding Mrs. Lindsay a divorce *a vinculo matrimonii*, the foregoing provisions were included, Lindsay was also ordered to pay $750 as counsel fees for his wife's attorney and $1,207.35 in court costs, and, subject to the modifications, the terms of the agreement of August 3, 1971, were approved and incorporated into the decree.

Lindsay contends that under the provisions of Code § 20-109 (Repl. Vol. 1975),[1] applicable in the present case, the trial court had no authority to modify the 1971 agreement of the parties because Mrs. Lindsay, the party to whom "relief might otherwise be awarded," did not object to the agreement prior to entry of the final decree. He relies on *Harris* v. *Harris*, 217 Va. 680, 232 S.E.2d 739 (1977); *Thomas* v. *Thomas*, 216 Va. 741, 222 S.E.2d 557 (1976); *Wickham* v. *Wickham*, 215 Va. 694, 212 S.E.2d 750 (1975); *McLoughlin* v. *McLoughlin*, 211 Va. 365, 177 S.E.2d 781 (1970); and *Dienhart* v. *Dienhart*, 210 Va. 101, 168 S.E.2d 279 (1969). In these cases we held that where the conditions of the statute have been met the trial court has no authority to modify an agreement concerning support and maintenance for the spouse, counsel fees, and court costs.

Mrs. Lindsay maintains that the consent order, embodying an agreement reached by the parties, superseded the 1971 agreement as to payment for her support, counsel fees, and costs, so that the court did not violate the terms of the contract but proceeded in accordance with the amended agreement under which the question of support and counsel fees was submitted to the court. She asserts that under Code § 20-109.1 (Repl. Vol. 1975) [2] the court was authorized to incorporate into its decree selected provisions of the agreement.

---

[1] "§ 20-109. **Changing maintenance and support for a spouse; effect of stipulations as to maintenance and support for a spouse; cessation upon remarriage or death.** — Upon petition of either party the court may increase, decrease, or cause to cease, any support and maintenance for the spouse that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; provided, however, if a stipulation of contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree; . . . ."

[2] "§ 20-109.1. **Affirmation, ratification and incorporation in decree of agreement between parties.** — Any court may affirm, ratify and incorporate in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children. Where the court affirms, ratifies and incorporates in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein; provided, however, that if such agreement provides for the maintenance of either of such parties, upon the remarriage of such

■ The consent order, a contractual modification of the 1971 agreement, as Lindsay's counsel conceded in oral argument, was binding upon the parties. *Durrett* v. *Durrett*, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963). By its terms, the maintenance and support provisions for Mrs. Lindsay and her infant son, as well as custody of the infant, were made subject to the further order of the court. Designation of the fee which Lindsay was required to pay to his wife's attorney as "preliminary" implies that payment of an additional fee was anticipated. Although the consent order in its preamble also stated that the parties had agreed as to court costs there is no provision in the order for payment of these costs. In the absence of such a provision it is reasonable to infer that costs were payable by Lindsay, the losing party, in accordance with the general rule. *See* Code § 14.1-178.

Lindsay argues that the 1971 agreement, although temporarily modified by the consent order, was reinstated in its entirety by Mrs. Lindsay's action in introducing it into evidence at the hearing before the commissioner in chancery to whom the divorce proceeding was referred. But introduction of the agreement "for evidentiary purposes only," as the commissioner reported, did not constitute a repudiation of the provisions of the consent order or evidence an intent to be bound by the terms of the original agreement as to those matters on which the court temporarily acted in the consent order. Indeed, Lindsay took the position before the commissioner that the parties, and especially Mrs. Lindsay, had "refuted" the original agreement. We believe that a more accurate assessment would be that the parties intended to adhere to the agreement, as modified by the consent order.

Under this view of the case, the parties agreed that the trial court should retain jurisdiction for the allowance of support payments, counsel fees, and court costs. Therefore, the trial court acted properly in incorporating into the final decree the uncontested provisions of the original agreement, as authorized by Code § 20-109.1, and in making permanent provision for support payments, counsel fees, and court costs, after considering the relevant evidence presented by the parties.

party the court shall order that such maintenance shall cease as of the date of such marriage, and upon the death of such party the court shall order that no payment shall be made to the estate of such decedent on account of such provision, unless such agreement otherwise specifically provides in the event of remarriage or death."

Although the decree could have been more accurately and precisely worded, we conclude that it did not purport to approve and incorporate the 1971 agreement and then modify its provisions, action which would have violated the mandate of Code § 20-109 as we have construed that statute. Rather, the trial court acted pursuant to the authority vested in it by the consent order to make further changes in the agreement as modified by the parties, and incorporated the agreement as thus modified. Having been authorized by the consent order to make changes in the provisions for support and maintenance, the trial court in the final decree could properly apportion between Mrs. Lindsay and the infant in her custody the unitary support award previously ordered and make the other provisions contained in the decree that required payments by Lindsay.

We find no reversible error in the final decree, which therefore will be

*Affirmed.*