## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Holbert

v.

Holbert

January 9, 1989

By JUDGE WILLIAM H. LEDBETTER, JR.

On October 27, 1988, Robert W. Holbert filed a "motion to terminate alimony," alleging material changes in the circumstances of the parties since the final decree of divorce was entered by this court on March 7, 1985.

The parties appeared to present evidence and argue the motion on December 7, 1988. Before hearing any evidence on the motion, the court directed that counsel for the movant submit a memorandum of authorities in support of his position that this court has authority to terminate spousal support (alimony) upon the grounds alleged in the motion, in light of Virginia Code § 20-109. Mr. Jones filed his memorandum on December 29, 1988; Mr. Cowsert responded on January 9, 1989.

The parties entered into a separation and property settlement agreement on February 29, 1984, amended on January 19, 1985. The agreement, as amended, was filed in the divorce suit which Mrs. Holbert instituted on January 24, 1985. By final decree of divorce on March 7, 1985, the agreement, as amended, was specifically "affirmed, ratified and incorporated" in the decree. By such action, the amended agreement became for all purposes a term of the decree. Virginia Code § 20-109.1.

The court has continuing jurisdiction to modify spousal support awards as the circumstances of the parties change. However, "if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed

before entry of a final decree, *no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract.*" Virginia Code § 20-109; *see also* § 20-107.1.

The above-quoted proviso in § 20-109, which inhibits the usual power of the court to modify an award of spousal support, controls this case. The settlement contract between Mr. and Mrs. Holbert was signed by Mr. Holbert and filed in the divorce suit. The contract, which provides for a specific sum of periodic support (paragraph 2), was ratified by the final divorce decree. Any order terminating the agreed-upon spousal support, except on death or remarriage, therefore would be in conflict with § 20-109. The Virginia Supreme Court has made it clear that a decree eliminating spousal support, contrary to the terms of a ratified stipulation or contract, violates § 20-109 and constitutes reversible error. *Dienhart v. Dienhart*, 210 Va. 101 (1969); *see also McLoughlin v. McLoughlin*, 211 Va. 365 (1970), and *Harris v. Harris*, 217 Va. 680 (1977).

Next, Mr. Holbert argues that notwithstanding the applicability of § 20-109, the elimination of spousal support will not be inconsistent with the terms of the parties' contract. He points out. that paragraph 11 of the contract provides:

> In the event that any such action [i.e., a suit for divorce] is instituted, the parties hereto shall be bound by all terms of this agreement, and . the substances thereof shall be incorporated in such decree as to all matters over which the court has jurisdiction, *unless and until modified* by a court of competent jurisdiction or subsequent agreement or reconciliation of the parties. [Emphasis added.]

Construing the amended agreement as a whole, and treating its terms as being consistent with Virginia law, the court is of the opinion that the language quoted from paragraph 11 was not intended to give a court the power, otherwise inhibited by § 20-109, to eliminate the agreed-upon spousal support upon a showing of change of

circumstances. paragraph 13 directs that the agreement shall be "construed in accordance with the present and future laws of the State of Virginia," which perforce includes the provisions of § 20-109. Paragraph 10 states that there shall be no modification "unless in writing and executed" by the parties. Paragraph 4 of the amendment provides that the original agreement and the amendment "shall be submitted to the Circuit Court of the County of Spotsylvania to be ratified, approved and affirmed and made a part of any divorce decree which may hereafter be entered."

Giving the agreement its plain and proper meaning, the clause relief upon by Mr. Holbert to permit the elimination of spousal support does not refer to spousal support in derogation of § 20-109; rather, it refers to such modifications that a court could properly make under the statute, such as child custody, visitation and support.

For the foregoing reasons, the motion of Mr. Holbert to terminate spousal support by reason of change of circumstances is denied.