# CIRCUIT COURT OF ROCKINGHAM COUNTY

Linda Ann Michael

v.

Gerald Wayne Michael

March 29, 1999

Case No. (Chancery) 16944

BY JUDGE JOHN J. MCGRATH, JR.

Mr. and Mrs. Michael were married on December 30, 1982, and finally separated some time in 1993. On December 22, 1993, they entered into a "Separation and Property Settlement Agreement" which provided *inter alia* that the husband would pay the wife spousal support of $125.00 per week until the death of either party or the remarriage of the wife. The agreement further provided that the parties agreed to present the property settlement agreement to a court of competent jurisdiction when a divorce action was filed and request that the agreement be adjudicated as fair, just, and proper and that it be adopted as part of the final decree of divorce. Lastly, the agreement provided that it may not be altered, changed, or modified except in a writing signed by each of the parties.

The husband complied with the spousal support provisions of the agreement until 1997. In 1997 he only paid $3,750.00 leaving an arrearage of $2,750.00 for 1997. He has not paid any spousal support in 1998 or 1999.

Evidence was introduced that the husband, who is a truck driver, was involved in a vehicle accident and missed a substantial period of time from work. In addition, he has run up medical bills that amount to approximately $30,000.00 at this time. There was also testimony in the record that after he was initially out of work and was incurring extensive medical bills, the wife agreed to "forebear" and to work with her husband until he got on his feet.

The wife filed a Bill of Complaint for divorce on the basis of one year separation on August 17, 1998, and has requested that the Court affirm, ratify, and incorporate by reference the Separation and Property Settlement Agreement in the decree of divorce.

At the *ore tenus* hearing, a motion was made by the husband to modify the amount of support required in light of his extensive medical bills and for the substantial period of time that he was without work. No evidence was offered and no argument was presented that the Separation and Property Settlement Agreement signed in 1993 was anything other than an arm's length transaction. In short, there was no suggestion that it was unconscionable or unreasonable or in any way had been procured by fraud or constructive fraud. The husband relies basically upon the inherent equitable jurisdiction of the Court to at least excuse a substantial portion of the past arrearages if not modify the agreement for future application.

Section 20-109(C) of the Code of Virginia provides:

C. In suits for divorce ... if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other conditions or considerations monetary or non-monetary shall be entered except in accordance with the stipulation or contract.

It has been well established in Virginia that a valid contract between husband and wife concerning spousal support is binding upon the Court, and the Court is without jurisdiction to modify or alter that provision. See, *e.g., Harris v. Harris,* 217 Va. 680 (1977); *McLoughlin v. McLoughlin,* 211 Va. 365 (1970).

In this case no argument is made or no evidence was presented to show that the agreement is anything other than a binding bilateral contract between husband and wife. Therefore, the Court is without jurisdiction in law or equity to modify the terms of the agreement. The agreement will be ratified and incorporated in a final decree of divorce. Further, the Court finds on the evidence presented that as of February 11, 1999, the husband is in arrears in the amount of $10,000.00 on the payment of spousal support, and a judgment therefor will be entered in favor of the wife.

Mr. Neher is directed to prepare a final Decree of Divorce in accordance with this opinion.

The Clerk shall certify copies of this opinion to Daniel J. Neher, Esq., counsel for complainant, and to Frankie C. Coyner, Esq., counsel for respondent.