COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


SHARON ANN LANE
                                              OPINION BY
v.    Record No. 0331-99-4         JUDGE ROSEMARIE ANNUNZIATA
                                            APRIL 4, 2000
ROBERT LEE LANE


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Kathleen H. MacKay, Judge

          Brian R. Frank for appellant.

          Frances Fite (Suzanne G. Scheer; Fite &
          O'Brien, Ltd., on brief), for appellee.


     Sharon Lane ("wife") appeals the trial court's ruling that

the spousal support awarded in the parties' final decree of

divorce could be modified pursuant to Code § 20-109(A).  Robert

Lane ("husband") cross-appeals, contending the trial court erred

by finding that the parties' circumstances did not warrant

either reduction or termination of spousal support and in

denying his motion to do so on that ground.  For the reasons

that follow, we hold that the trial court erred in finding the

parties' spousal support agreement subject to modification, but

we affirm its decision denying husband's petition to modify his

support obligation.

FACTUAL BACKGROUND

The parties were divorced by decree of the Circuit Court of Fairfax County in 1988. There was no equitable distribution hearing. Instead, counsel for the parties, but not the parties themselves, signed a final decree of divorce which incorporated by reference some of the terms to which the parties had agreed in their settlement agreement. The final decree stated, inter alia, that husband's spousal support obligation would remain in effect until the death of either of the parties or until wife's remarriage. The final decree provided further that wife would receive thirty percent of husband's retirement pay, but it made no provision for the distribution of any other property. It contained no express waivers. The final decree was entered on December 13, 1988.

The parties entered into a subsequent agreement memorialized in a consent decree on March 14, 1989, which increased the level of spousal support from $300 per month to $500 per month. On September 3, 1997, husband petitioned to have his support obligation terminated on grounds of material change in circumstances. The trial court concluded that husband's spousal support obligation was subject to modification under Code § 20-109(A), but determined that no reduction or termination of support was justified by the changes in circumstances proven by husband. Although the court found that

the circumstances of both parties had changed since the final decree was entered, it concluded that husband's financial status remained "much better" than the financial status of the wife. The court therefore denied husband's petition for termination or modification of support.

Wife noted her objection to the court's ruling that the spousal support was subject to the provisions of Code § 20-109(A) allowing modification of the award and that Code § 20-109(B) did not apply. Husband noted objections to the court's ruling as well, contending the court erroneously applied the standards of Code § 20-107.1 in denying his petition for modification of his support obligation. Wife noted her appeal to this Court, and husband cross-appealed.

## ANALYSIS

As written in 1988, Code § 20-109(B)[1] read, in pertinent part:

> [I]f a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition

---

[1] The trial court appears to have relied on the current language of Code § 20-109, although in 1988 the statute was not subdivided into parts (A) and (B). However, the governing language from the 1988 statute is identical to that of the statute in its present form. The parties have adopted the trial court's references to those subparts, and we follow suit herein for ease of reference.

or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract. If such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.

The Virginia Supreme Court has defined stipulation to mean "an agreement between counsel respecting business before a court." Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d 917, 920 (1951). In order to constitute a stipulation, an agreement between the parties incorporated into their final decree need only have been signed by their counsel. See id. Such stipulations or agreements cannot be modified. See id. ("If the stipulation was agreed to there can be no objection to it."); Code § 20-109(B). Cf. Kunz v. Jarnigan, 756 S.W.2d 913, 915 (Ark. Ct. App. 1988) (stipulation constituting a complete settlement of the parties' marital rights held not modifiable). However, Code § 20-109(B) is clear in its requirement that an agreement between the parties, whether by stipulation or by contract, be signed by the "party to whom such relief might . . . be awarded," in order for the terms of the agreement to become non-modifiable.

The final decree was signed by neither party. Thus, according to the plain language of Code § 20-109(B), no agreement or stipulation was established by the final decree.

However, the parties' subsequent consent decree meets the requirements of Code § 20-109(B) and constitutes a stipulation

- 4 -

as contemplated by the statute.  It is a "contract or agreement," Orlandi v. Orlandi, 23 Va. App. 21, 26, 473 S.E.2d 716, 719 (1996), signed by wife, the party seeking relief under it.[2]  See Durrett v. Durrett, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963) ("'A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake.'" (quoting Barnes v. American Fertilizer Co., 144 Va. 692, 720, 130 S.E. 902, 911 (1925))).  As the parties' consent decree was filed after the entry of the properly signed final decree by agreement of the parties, it becomes the governing agreement between the parties, see Parrillo v. Parrillo, 1 Va. App. 226, 230-31, 336 S.E.2d 23, 25-26 (1985), and pursuant to Code § 20-109(B) its provisions regarding support cannot be modified.  We, accordingly, find the trial court erred in ruling to the contrary and reverse its decision that the spousal support award was subject to modification.

---

[2] The statute's reference to the "party to whom such relief might otherwise be awarded" signifies the payee party, who, but for the existence of the property settlement agreement, would be entitled to claim spousal support under Code § 20-107.1. Contrary to husband's assertions, it is irrelevant that husband did not sign the consent decree, because only wife may be deemed the "party to whom such relief might otherwise be awarded" within the meaning of Code § 20-109(B).  See Lindsay v. Lindsay, 218 Va. 599, 602-03, 238 S.E.2d 817, 818-19 (1977) (payee ex-spouse was "party to whom relief might otherwise be awarded" under Code § 20-109, and was entitled to seek enforcement of consent decree modifying support award included in earlier final decree of divorce).

Because the agreement incorporated into the consent decree is not subject to modification under Code § 20-109(B), we reject husband's claim that the trial court erred by not reducing or eliminating his support obligation.  Given the non-modifiable status of the spousal support obligation, the trial court's denial of his petition to modify his support obligation was not erroneous.  "'We do not hesitate . . . where the correct conclusion has been reached but the wrong reason given, to sustain the result and assign the right ground.'"  Beverly Health and Rehab. Servs., Inc. v. Metcalf, 24 Va. App. 584, 596, 484 S.E.2d 156, 162 (1997) (quoting Robbins v. Grimes, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970)).  Accordingly, we affirm the trial court's decision to deny husband's requested support modification.

Reversed in part and
affirmed in part.

Benton, J., concurring, in part, and dissenting, in part.

In determining whether spousal support ordered in a final decree of divorce is modifiable, see Code § 20-109(A), the trial judge must distinguish between (1) court ordered support decreed pursuant to Code § 20-107.1 and (2) support derived from "a stipulation or contract signed by the party to whom [support] might otherwise be awarded" and decreed pursuant to Code § 20-109(C). I agree with the majority opinion that the final decree was not signed by either party; therefore, Code § 20-109(C) did not limit the trial judge's authority to modify the support ordered by the final decree. The final decree awarded custody of the parties' child to the wife and contained the following provision regarding spousal support:

> ORDERED that [the husband], shall pay [the wife], the sum of $300.00 per month as spousal support beginning December 1, 1988, and on the first day of each succeeding month until death of either party or remarriage of Complainant; for any period when custody of [the child] shall be changed to [the husband], spousal support shall be increased to $500.00 per month in lieu of child support.

I disagree with the majority opinion's conclusion that the "Consent Order," which the trial judge entered three months after the final decree, was "a stipulation or contract signed by the party to whom such relief might otherwise be awarded." Code § 20-109(C). The first paragraph of the Consent Order states that "THIS CAUSE came on to be heard upon the joint motion of

- 7 -

the parties to voluntarily transfer custody of the parties' minor child . . . from the [wife] to the [husband] and upon argument of counsel."

Adjudicating this motion, the Consent Order specifies the judge's findings and ruling on spousal support as follows:

> AND IT APPEARING TO THE COURT that on the 13th day of December, 1988, this court entered a Decree of Divorce a <u>vinculo matrimonii</u>, which contained certain provisions concerning custody of [the child], rights of visitation, and payments of support; that subsequent to that date, the parties have agreed to voluntarily transfer custody of said child from the [wife] to the [husband], and to maintain the same visitation rights for the new non-custodial parent and to clarify the issue of support; for other good cause shown, the motion ought to be granted, it is hereby
>
>     *      *      *      *      *      *      *
>
> ADJUDGED, ORDERED, AND DECREED that the [husband] shall pay the [wife] the sum of $500.00 per month as spousal support beginning on the first day of the month immediately following the date of the execution of this agreement, and on the first day of each succeeding month until the death of either party or remarriage of the complainant. . . .

Although, when the Consent Order was presented to the judge, the wife was acting as her own counsel and signed the Consent Order in that capacity "pro se," her signature did not render the Consent Order a "stipulation or contract" for purposes of Code § 20-109(C). Her signature on the Consent

Order merely indicated that it was an agreed adjudication of the issues before the court. In the absence of extraordinary language in a court's order or decree acknowledging the filing of "such a stipulation or contract" and the parties' intent to have a "pro se" signature on that decree or order operate to invoke the limitations of Code § 20-109(C), the mere entry of a court order or decree which is signed by a party acting "pro se" does not satisfy the requirements of Code § 20-109(C).

The statute states that "[i]f such a stipulation or contract is <u>filed</u> after entry of a final decree <u>and</u> if <u>any party so moves, the court shall modify</u> its decree to conform to such stipulation or contract." Code § 20-109(C) (emphasis added). Thus, I believe the statute contemplates a particular document signed by the parties, which has been filed with the court, and a court order, which has been entered to conform with that document. If the court order itself is to be considered as the "stipulation or contract," I believe the court order must clearly specify that it is so and reference the limitations of Code § 20-109(C). To require any less would engender confusion as to whether the court order or decree is entered pursuant to Code § 20-109(A) and (B) or pursuant to Code § 20-109(C).

The record in this case clearly established that, with respect to spousal support, the Consent Order did no more than enforce one of the original provisions of the final decree,

which stated that "for any period when custody of [the child] shall be changed to [the husband], spousal support shall be increased to $500.00 per month in lieu of child support." When the parties agreed to transfer the legal custody of the child from the wife to the husband per the Consent Order, they also sought to "clarify" that the condition in the final decree, which rendered the husband's increased payment to be "in lieu of child support," was in effect.

For these reasons, I would affirm the trial judge's ruling that spousal support was modifiable pursuant to Code § 20-109(A). I would also affirm the trial judge's refusal to modify the spousal support. The trial judge found that the wife lives a "frugal" lifestyle, continues to repay a loan incurred during the marriage, and that the "surplus in her budget . . . should [allow her] . . . to repay her contribution to the . . . retirement system as well as repay the loan." Significantly, the trial judge ruled "[i]t would be appropriate to review at a future time [the wife's] needs using the findings made during this hearing as a benchmark."

The determination of the amount of support that is warranted is a matter within the discretion of the trial judge. See Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). In determining the needs of the wife, the trial judge

thoroughly analyzed the financial evidence in the record.  I find no abuse of discretion.

For these reasons, I would affirm the judgment.