BENTON, J.,
with whom FITZPATRICK, C.J., ELDER and CLEMENTS, JJ., join, dissenting.
The dispositive issue in this case is not whether the parties reached an agreement or whether the agreement can be reflected in an order. They reached an agreement to avoid the necessity of a hearing. Furthermore, the agreement the parties reached is properly reflected by the judge’s September 12, 2001 order. The issue, rather, is whether the agreement (i) was a compromise only of the issues then in dispute by an order of modification pursuant to Code § 20-109(A) and Code § 20-108 or (ii) was a final settlement of spousal support for all times pursuant to Code § 20-109(C) and a settlement of child custody issues by an order of modification pursuant to Code § 20-108. I would hold that the trial judge erred in ruling that the September 12, 2001 order, which modified the child custody and spousal support provisions of the final decree of divorce and was entered upon the request of the attorneys for the parties, renders spousal support non-modifiable.
I.
In a case involving spousal support, the Supreme Court “recognized that divorce and related matters constitute a distinct category, one not always subject to the body of jurisprudence generally applicable to common law suits and actions.” Reid v. Reid, 245 Va. 409, 413, 429 S.E.2d 208, 210 (1993). Spousal support falls within this distinct category because the court’s jurisdiction to render spousal support decrees in divorce proceedings is statutory and limited. Lapidus v. Lapidus, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984).
*573 The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case sui generis.
% * * * ifc *
“It is an undoubted general principle of the law of divorce in this country that the courts either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised.”
McCotter v. Carle, 149 Va. 584, 593-94, 140 S.E. 670, 673-74 (1927) (citation omitted).
A judge rendering a divorce decree is authorized by statute to decree spousal support, subject to the provisions of Code § 20-109. See Code § 20-107.1(A) and (B). In pertinent part, Code § 20-109 provides as follows:
A. Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper____
# ^ * s}:
C. In suits for divorce, annulment and separate maintenance, ... if a stipulation or contract signed by the party to. whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract. If such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court *574 shall modify its decree to conform to such stipulation or contract.
In subsection A of the statute, the legislature authorized courts to modify spousal support orders upon a showing of a proper change in circumstances. See Dixon v. Pugh, 244 Va. 539, 541, 423 S.E.2d 169, 170 (1992) (noting Virginia’s traditional rule “that a court may not modify an award of spousal support in a divorce decree in the absence of a statute or a clear and explicit reservation of jurisdiction to modify the spousal support provision”); Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (holding “that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances”); Moreno v. Moreno, 24 Va.App. 190, 195, 480 S.E.2d 792, 794-95 (1997) (holding that Code § 20-109(A) requires a “ ‘moving party in a petition for modification of support ... to prove both a material change in circumstances and that this change warrants a modification of support’ ”). When the parties have entered into a “stipulation or contract,” subsection C of the statute provides a limitation on a judge’s statutory authorization to enter a “final decree ... except in accordance with that stipulation or contract.” See Blackburn v. Michael, 30 Va.App. 95, 100, 515 S.E.2d 780, 783 (1999) (holding that Code § 20-109(C) limits a judge’s authority “according to the terms of a stipulation or contract signed by the parties”).
Although Code § 20-109 permits parties to bind themselves by a contract or stipulation to spousal support provisions and, thereby, to limit a judge’s authority to enter decrees “except in accordance with that stipulation or contract,” the parties only have the power to limit the judge’s authority granted by subsection A when they have conformed to the requirements of subsection C. This limitation is significant because Code § 20-109 also empowers trial judges to modify spousal support pursuant to subsection A when that support was previously fixed by court order and is not the result of a stipulation or contract pursuant to subsection C. In other words, the statute limits the trial judge’s authority to decree support only *575 “if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed.” Code § 20-109(C) (emphasis added). Pertinent to this appeal, the statute further provides that “[i]f such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.” Code § 20-109(C) (emphasis added).
The Supreme Court long ago recognized the requirement under Code § 20-109 to “file” the contract in the circuit court.
Under the proviso contained in Code § 20-109, if a stipulation or contract between spouses is filed with the pleadings or depositions in a divorce case, then no decree or order directing the payment of alimony (now support and maintenance) for a spouse, suit money, or counsel fees shall be entered except in accordance with that stipulation or contract unless a party raise objection thereto prior to entry of the decree.
Harris v. Harris, 217 Va. 680, 681, 232 S.E.2d 739, 741 (1977). The Court has also held that “since its enactment, the usual practice [under Code § 20-109 and under its predecessor § 5111] is to recite in the decree that a contract has been executed by the parties and ‘filed with the pleadings, depositions.’ ” Wallihan v. Hughes, 196 Va. 117, 126, 82 S.E.2d 553, 559 (1954). Indeed, the plain language of Code § 20-109(C) makes its provisions operative only when a “stipulation or contract is filed” before entry of a final decree or before the trial judge modifies the final decree. By “using clear, detailed language,” Lapidus, 226 at 578, 311 S.E.2d at 788, the General Assembly manifested its purpose and signaled “the process, pleading or practice” to be followed in invoking the statutory proviso. McCotter, 149 Va. at 594, 140 S.E. at 674.
II.
Simply put, the record reflects that prior to the judge’s entry of the September 12, 2001 order, the parties filed no stipulation or contract as contemplated by Code § 20-109(C) and no party moved the judge to “modify [the final] decree to *576 conform to such stipulation or contract.” Id. Indeed, the attorneys in this case demonstrated their awareness of the mandates of Code § 20-109(C) when, prior to the entry of the final decree, they filed in the trial court a document styled “Agreement between Ellen Newman and Paul Newman.” The husband and wife had signed this written agreement while the suit was pending for the purpose of settling all “property issues requiring determination by the Court.” When the attorney filed this agreement in the trial court, the attorney also filed a motion requesting “the Court to file the ... written settlement agreement” and to “affirm, ratify and incorporate the terms of the parties’ written settlement agreement into any order hereafter entered.” Thus, by following the mandates of the statute, the parties unmistakenly indicated that no decree was to “be entered except in accordance with that ... contract.” Code § 20-109(C). See also Harris, 217 Va. at 681, 232 S.E.2d at 741 (holding that the limitation on the court’s power to enter a decree is triggered only “if a stipulation or contract ... is filed ... in a divorce case”). Because the record establishes that the September 12, 2001 order was not entered upon these statutory requirements, it reflects an order of the judge entered under Code § 20-109(A).
The husband presents the question “whether [his] obligation to pay spousal support to [the wife] is modifiable where the parties entered into a prior consent order providing that the spousal and child support obligations are ‘continuing as provided in ... Code §§ 16.1-278.15 and 20-109’ and where the parties did not sign the consent order?” In part, he argues that “[t]he spousal support obligation owed ... to [the wife] is modifiable by a court ... because they specifically referenced the statute affording the relief of modifiability in their agreed order.” (Emphasis added). He further argues that the September 12, 2001 order “is not a ‘stipulation or contract’ as contemplated in [Code] § 20-109(0,” noting neither he nor the wife signed the order.
I believe it is reasonably clear from the argument advanced by the husband, that the use of the word “consent” order in *577 his statement of the issue before us is no more than the loose vernacular of the legal profession to describe an uncontested order. The September 12, 2001 order contains no indication on its face that it was a “consent” order. See Golderos v. Golderos, 169 Va. 496, 504, 194 S.E. 706, 709 (1938) (noting that consent orders must “show affirmatively on the face thereof that they were entered by consent”). It is not styled “consent” order, and it does not contain that word in the body of the order. In Denny v. Searles, 150 Va. 701, 143 S.E. 484 (1928), where the parties had sought an order confirming a settlement, the Supreme Court held that a decree entered by a judge does not become a “consent” decree merely because “[t]he decree recited that all parties in interest desired the Court to approve the release and settlement ” and the “decree was asked for by writing on the back thereof signed by counsel for all parties in interest.” Id. at 730-31, 143 S.E. at 493. In short, an order does not become a “consent” order merely because the parties by their attorneys have added their agreement to the judge’s adjudication. Nothing on the face of the order or in the record of this case imports verity to the notion that the September 12, 2001 order was a “consent” order. Rather, it was merely the parties’ agreement to the judge’s adjudication of the pending issues in accordance with the submitted order. The husband says as much in his brief when he contends the parties “specifically referenced the statute affording the relief of modifiability in their agreed order.” (Emphasis added).
The record clearly establishes that the September 12, 2001 order served a limited purpose. It was part of the parties’ continuing effort to determine spousal and child support. Earlier in the proceeding and prior to entry of the divorce decree, the trial judge sent to the parties a letter opinion, ruling that the wife was entitled to spousal support and that the wife should have custody of the three children. The husband then filed motions to obtain custody of one child and to amend the provisions for spousal and child support. Before the trial judge acted on these motions, the wife’s attorney submitted a draft of a final decree of divorce to the judge with *578 the husband’s objections, and the judge entered the “final decree” on July 26, 2001, nunc pro tuno May 25, 2001. The final decree awarded monthly spousal support to the wife in the amount of $1,200, granted the wife custody of the parties’ three children, and awarded monthly child support in the amount of $1,874. The final decree contained no provisions for visitation by the husband with the children.
After the trial judge signed the final decree, the husband filed another notice of hearing on his motions. In preparation for the hearing, the parties subpoenaed witnesses and filed exhibits with the trial court. The hearing, however, was postponed. As judges frequently urge, the parties and their attorneys reached a compromise concerning the disputed matters without the necessity of a hearing and a ruling by the judge on the evidence. The attorneys drafted an order that addressed in detail the contested issues of child custody, child support, and spousal support. The husband’s attorney signed the order under the legend, “I ask for this”; the wife’s attorney signed the order under the legend, “Seen and agreed.”
The order the trial judge entered on September 12, 2001 modified the provisions of the final decree concerning child custody, child support, and spousal support. The judge’s order was merely styled, “ORDER ”; it was dated the day of the postponed hearing; it recited that the proceeding was “upon motions filed by the [husband]”; and it contained the parties’ representation “that all matters in dispute are settled and agreed.” It included provisions that “ORDERED” (i) physical custody of one child to the father, (ii) continuation of the parties’ joint legal custody of all three children, (iii) specific visitation schedules for the children, and (iv) monthly child support of $658 and spousal support of $1,000 “continuing as provided in ... Code §§ 16.1-278.15 and 20-109” and adjusting each year in accordance with a formula contained in the order, with the proviso that any increased support “be designated 1/3 child support and 2/3 spousal support.” The order contained a generalized reference to Code § 20-109, without referencing either subsection A or subsection C. Con *579 taining a proviso that child and spousal support would be “continuing as provided in ... Code § 16.1-278.15 and 20-109,” the order made no material distinction between its effect on child support, which is always, modifiable regardless of the parties’ agreement, see Parrillo v. Parrillo, 1 Va.App. 226, 231, 336 S.E.2d 23, 26 (1985), and spousal support, which is modifiable according to Code § 20-109(A).
By presenting the September 12, 2001 order for the trial judge’s signature, the attorneys clearly indicated to the judge that the order represented an agreed adjudication of the disputed issues then pending for a hearing and decision. The order, however, does not expressly represent to do more than this. Indeed, the order’s provision that spousal support is “continuing as provided in ... Code § 20-109” is inconsistent with a claim that the order invokes subsection C. Significantly, the record does not indicate either party requested, or the judge found when the order was presented, that the September 12, 2001 order was to be entered “to modify [the final] decree to conform to such stipulation or contract.” Code § 20-109(C). The record establishes, however, that neither party filed a document purporting to be a “stipulation or contract” signed by the parties before submitting the endorsed order.[6] Furthermore, the endorsed order does not contain at any place the word “consent.” If, as the wife later orally argued to the trial judge, the court order itself is to be considered as the “stipulation or contract” contemplated by subsection C, it could not have served that function in this case because the order, when entered, did not clearly specify that it was to be so and it did not reference the limitations of Code § 20-109(C). To require any less would engender confusion as to whether the court order is entered pursuant to Code § 20-109(A) and (B) or pursuant to Code § 20-109(C).
*580 As the Supreme Court has recognized, public policy encourages settlement of disputes because it enhances judicial efficiency of the adjudicative process, avoids litigation costs, and reduces uncertainty in results. See Morris v. Morris, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975) (noting that “public policy favors prompt resolution of disputes”). Settlements of disputes concerning spousal support issues that are pending before a judge for decision can take the form of an “agreed” order requested by the parties pursuant to Code § 20-109(A) or (B) or by stipulation or contract “filed” pursuant to Code § 20-109(C). In a given case, this statutory scheme obviously would accommodate a circumstance in which the parties by their attorneys agreed to the entry of an order that expressly provides that spousal support shall not be modifiable.[7] Nothing in Code § 20-109 would bar the effect of an agreed order providing support shall not be modifiable. That, however, was not what occurred in this case.
III.
I would hold that the record unambiguously reflects that the parties agreed to settle the disputed issues, which were then in litigation and scheduled for the August hearing, and that their attorneys presented to the judge for entry an “agreed” order endorsed by the attorneys reflecting a compromise to resolve the disputed issues without the necessity of an evidentiary hearing and decision by the judge. Because the order was consistent with Code § 20-109(A), the order does not reference Code § 20-109(C), and the record does not reflect that the parties satisfied the requirement of Code § 20-109(C) to move “the court [to] modify its decree to conform to [a *581 filed] stipulation or contract,” I would hold that the trial judge erred in ruling that the spousal support ordered by the September 12, 2001 order was not modifiable.
Accordingly, I would reverse the judgment and remand for rehearing.

. As the husband argues, the absence of the parties’ signatures on a document is significant. The proposed order, which was signed only by the attorneys, reinforces the notion that the order was merely an agreement to the judge’s adjudication of the pending issues in accordance with the submitted order.

. Unlike the general rule that a trial judge cannot modify a civil judgment order after twenty-one days, see Rule 1:1, support judgments in divorce cases are statutorily distinct because a judge has continuing authority to modify decrees for child support and spousal support upon a showing of a material change in circumstances, notwithstanding Rule 1:1. See Code §§ 20-108 and 20-109(A); Riggins v. O'Brien, 263 Va. 444, 447, 559 S.E.2d 673, 675 (2002); Furr v. Furr, 13 Va.App. 479, 481, 413 S.E.2d 72, 73 (1992).