## CIRCUIT COURT OF FAIRFAX COUNTY

Cathy H. Gordon

v.

Mark Gordon

March 12, 2014

Case No. CL-2007-9573

BY JUDGE R. TERRENCE NEY

These matters came before the Court on February 21, 2014, upon the *Pro Se* Defendant's Motion to Modify Spousal Support.

After oral arguments, the Court took these matters under advisement. The following embodies the Court's ruling.

### Procedural History

Cathy H. Gordon ("Wife") and Mark Gordon ("Husband") were married on November 29, 1986, in Fairfax County, Virginia. Three children were born to the parties during the marriage.

The parties began living separate and apart without cohabitation and without interruption on July 10, 2002. The Wife filed a Complaint for Divorce on January 21, 2003. Husband and Wife entered into a Property, Custody, and Support Settlement Agreement ("Settlement Agreement") on January 30, 2003.

The parties appeared for an *ore tenus* hearing before the Honorable Robert W. Wooldridge, Jr., on August 21, 2003. While present at the hearing, the Husband stated that the divorce was contested and that the parties had cohabited since the date of their separation in July 2002. Because of this allegation by the Husband, Judge Wooldridge referred the parties to a Commissioner in Chancery in order for the Commissioner to determine whether or not the parties had cohabited since the date of separation.

The Report of the Commissioner in Chancery found that the parties had not cohabited since their separation. The divorce then proceeded as an uncontested matter and was referred back to this Court.

The entry of the Final Decree of Divorce was noticed and docketed for December 12, 2003, and the Husband was served with notice of entry of the

decree. The Final Decree of Divorce was entered on December 12, 2003. The Husband did not appear at the hearing. Pursuant to Virginia Supreme Court Rule 1:13, his signature was waived. The Final Decree of Divorce incorporated, but did not merge, the parties' Settlement Agreement.

Paragraph 8 of the Settlement Agreement addresses spousal support. Pursuant to the Agreement, the Husband agreed to pay the Wife $1000 per month on the first day of every month. Specifically, the Settlement Agreement states:

> The husband agrees to pay to the wife, as and for her non-modifiable support and maintenance, the sum of One Thousand Dollars ($1,000.00) per month, the initial payment to be made on the first day of the month following execution of this Agreement by both parties, and to continue in consecutive monthly installments on the first day of each month thereafter until such time as the wife's remarriage or death, or husband's death, whichever first occurs.

Settlement Agreement, January 30, 2003, ¶ 8.

The Husband now seeks to reduce the monthly amount of spousal support he pays to his Wife. The reason he seeks to do so is because, through no fault of his own, he lost his job. Although he has now found a new job, he is earning only $25,000 a year which is approximately $100,000 less than his prior salary.

### Analysis

Virginia Code § 20-109 applies to changing maintenance and support for a spouse. Specifically, § 20-109(C) states:

> In suits for divorce . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract . . . .

Va. Code Ann. § 20-109(C) (2014).

The Wife argues that this provision prohibits this Court from reducing the Husband's monthly support obligation.

In *Harris v. Harris*, the trial court relieved the husband of his monthly spousal support obligation. *Harris*, 217 Va. 680, 232 S.E.2d 739

(1977). The monthly amount of spousal support was set by the contract entered into between the husband and wife prior to the entry of the final decree of divorce. *Id*. at 680, 232 S.E.2d at 740. The final decree ratified and confirmed the contract and ordered the parties to comply with all of the terms of the contract. *Id*. After the entry of the final decree, the husband filed a motion to reduce the monthly support obligation because he was unemployed and without assets to make the payment. *Id*. at 681, 232 S.E.2d at 740. The trial court found this to be a material change in circumstance and suspended the support obligation. *Id*.

The wife challenged the authority of the trial court to suspend the monthly spousal support obligation because it was contractually agreed to by both parties and the contract was ratified and approved by the final decree of divorce. *Id*. The Virginia Supreme Court held that the provisions of Virginia Code § 20-109(C) limited the trial court to ordering support only in compliance with the terms of the contract. *Id*. (citing *McLoughlin v. McLoughlin*, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970)).

Here, the Husband and Wife entered into a Settlement Agreement prior to the entry of the Final Decree of Divorce. The Settlement Agreement was incorporated into the Final Decree. The Husband did not appear at the hearing at which the Final Decree was entered and, therefore, did not contest the incorporation of the Settlement Agreement.

Because the Settlement Agreement contained a contractual provision, agreed to by both parties, which set the monthly amount of spousal support the Husband is required to pay to the Wife, Virginia Code § 20-109(C) applies. This section prevents this Court from modifying the Husband's monthly support obligation, even in the event of a material change in circumstance, except in accordance with the terms of the contract. The Settlement Agreement specifically states that the monthly support payments are "non-modifiable" and will continue "until such time as the wife's remarriage or death, or husband's death, whichever first occurs." Settlement Agreement, January 30, 2003, ¶ 8. Therefore, this Court is unable to modify the Husband's monthly support obligation. A Dickensian result perhaps, given that, if the Husband is truly unable to earn enough to pay spousal support, then he may at some point end up in jail, but the Virginia Code and the Virginia Supreme Court decisions interpreting it are clear and binding on this Court.

For these reasons, the Defendant's Motion to Modify Spousal Support is denied.