COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


SAMINA S. PARACHA

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1739-10-4                            PER CURIAM
                                                        JUNE 14, 2011
SHAHID PARACHA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Brett Kassabian, Judge

            (Richard P. Buzan, on brief), for appellant.

            (David M. Levy; Surovell Isaacs Petersen & Levy, PLC, on brief),
            for appellee.


        Samina S. Paracha (wife) appeals an order holding that she was in contempt of court and

declining to hold that Shahid Paracha (husband) was in contempt of court.  Wife argues that the trial

court erred by (1) ruling that wife was in contempt of court; (2) denying wife's plea in bar and

refusing to sustain her opposition to husband's rule for show cause; (3) declining to enter a rule to

show cause as requested by wife and/or refusing to find that husband was in contempt of court;

(4) awarding attorney's fees to husband; and (5) conducting the two hearings against wife because

no valid notice was served on wife, so the trial court lacked jurisdiction and authority to act on

husband's show cause petitions.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties married on February 9, 1979, separated on November 27, 2008, and divorced on August 7, 2009. They entered into a marital property settlement agreement (the Agreement) on July 14, 2009. The Agreement was affirmed, ratified, and incorporated, but not merged, into the final decree of divorce.

On February 16, 2010, wife filed a petition for a rule to show cause because she argued that husband was in contempt of court. Wife contended that husband failed to (1) add two of their children as owners of the parties' former marital residence; and (2) pay the mortgage, the home equity line, and other costs associated with the former marital residence. The trial court entered a rule to show cause, but wife chose not to immediately pursue it.

On April 20, 2010, husband filed a petition for a rule to show cause, arguing that wife was in contempt of court. Husband argued that wife failed to abide by the Agreement and the final decree of divorce because she had not signed a car title over to him and had not signed a document to transfer her ownership interest in a 7-Eleven franchise. On May 10, 2010, the trial court entered an order to show cause, and a hearing was scheduled for all of the rules to show cause for June 28, 2010.

On June 21, 2010, wife filed an "Opposition and/or Plea in Bar to the Rule to Show Cause Issued at the Request of Defendant." She argued that any of her violations of the Agreement and final decree were excused because husband's violations were "so material and flagrant." She also filed a "Revised Verified Petition for Issuance of a Rule to Show Cause" against appellee, in which she cited more violations of the Agreement and final decree.

On June 28, 2010, the trial court heard the parties' testimony and arguments. On July 1, 2010, the trial court issued its ruling from the bench. The trial court found that wife was in contempt of court, but it allowed her to purge herself from contempt by signing the amendment

to the 7-Eleven franchise agreement and by signing the title of the car over to husband. The trial court also ordered that she pay $4,018 of husband's attorney's fees. The trial court further declined to grant wife's plea in bar or her rule to show cause. The trial court entered the final order on July 16, 2010. This appeal followed.

ANALYSIS

Finding of contempt

Wife argues that the trial court erred in finding her guilty of contempt. The trial court ordered that wife could "purge the contempt within thirty days of July 1, 2010 by: (A) executing the amendment to the 7-11 franchise agreement deleting the Plaintiff [wife] from the agreement; and (B) executing and providing to the Defendant [husband] the signed certificate of title to the 2003 Mercedes."[1]

Wife contends that she did not act willfully or in bad faith and that the trial court made no such findings. Wife asserts that the evidence did not support the trial court's finding of her contempt.

"'It is within the discretion of the trial court' to conduct civil contempt proceedings, thus we review the exercise of a court's contempt power under an abuse of discretion standard." Fisher v. Salute, 51 Va. App. 293, 303, 657 S.E.2d 169, 173 (2008) (quoting Petrosinelli v. People for Ethical Treatment of Animals, 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007) (citations omitted)).

"The purpose of the statute [Code § 20-109.1] is to facilitate enforcement of the terms of an incorporated agreement by the contempt power of the court." Morris v. Morris, 216 Va. 457, 459, 219 S.E.2d 864, 866-67 (1975) (citing McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970)); see also Rogers v. Rogers, 51 Va. App. 261, 273, 656 S.E.2d 436, 441-42 (2008).

---

[1] Neither party indicates in their brief whether wife purged herself of contempt.

Paragraph 9 of the Agreement provided that each party would execute any necessary documents to carry out the terms of the Agreement. Paragraph 41 stated, "Wife waives any and all right, title and interest in Reem Enterprises, Reem Enterprises, Inc. and the 7-Eleven Franchise. Wife upon the signing of this agreement by both parties shall sign the attached letter to the 7-Eleven franchisor."

Here, the evidence was sufficient to find that wife did not sign the amendment to the franchise agreement. On April 9, 2010, husband's attorney sent a letter to wife's attorney and formally requested that wife sign the amendment and provided her with a copy. At the trial, husband testified that wife had not yet signed the document.

Furthermore, the Agreement provided that wife was to sign the title of the 2003 Mercedes E500 vehicle over to husband. The April 9, 2010 letter from husband's attorney also requested that wife sign the car title. However, husband testified that as of the date of the trial, wife had not signed the car title.

The trial court did not err in finding wife guilty of contempt. The Agreement specifically required wife to sign the amendment for the franchise agreement and the car title. Despite being asked to do so on April 9, 2010, wife did not sign the documents.

<u>Denial of wife's pleadings</u>

Wife argues that the trial court erred in failing to sustain her opposition/plea in bar and to enter a rule to show cause against husband.

With respect to wife's opposition/plea in bar, wife contends the trial court erred in failing to sustain her opposition to husband's show cause and her plea in bar because husband was the

one who first violated the Agreement. She argues that he failed to sign the deed to their children and failed to timely pay the mortgages.[2]

The trial court found that the Agreement was "unambiguous" and "controlling." Paragraph 33 of the Agreement provided that the parties would sign a deed to name two of their children as co-owners of the former marital residence. The trial court found that the "evidence and testimony established that the defendant [husband] did sign the deed of gift and it was forwarded over for the Plaintiff's [wife's] signature but was not recorded through no fault of the defendant." Paragraph 32 provided that husband would be responsible for the mortgages; however, paragraphs 35 and 36 allowed husband to sell the property if he was unable to pay the mortgage. Paragraph 38 stated that when the property was sold, the parties would divide equally any net proceeds or deficit. The trial court found that "the defendant [husband] conveyed by deed the property to the plaintiff [wife] and her son on the 19th of March 2010 for $10 well after the plaintiff knew that the mortgage was at risk for foreclosure." The trial court further found that husband was "not obligated to pay the mortgage in perpetuity and has the right to sell for any reason so long as he gives an option to the other owners." The trial court held that wife "purchased that [property] at substantial discount [and] had full knowledge of the delinquent mortgage payments at the time of purchase." The trial court concluded, "Based upon the evidence presented and the weight and credibility of the testimony, the Court declines to grant the Plaintiff's plea in bar in this case or the rule to show cause requested by the plaintiff."

Wife argues, "If the first breaching party committed a material breach, however, that party cannot enforce the contract." Horton v. Horton, 254 Va. 111, 115, 487 S.E.2d 200, 204

---

[2] In her brief, wife presented other instances of husband's breach of the Agreement. However, the trial court did not rule on these other instances. Where the trial court does not rule on an appellant's argument, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998).

(1997) (citations omitted). She contends husband's failure to add their children to the deed and his failure to pay the mortgages were the first breaches of the Agreement. However, the trial court did not find that husband violated the terms of the Agreement; therefore, he was not the first breaching party.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

The trial court considered the parties' credibility and, based on the evidence, found that husband did not violate the terms of the Agreement. The evidence supports the trial court's conclusion. Accordingly, the trial court did not abuse its discretion in not granting wife's opposition/plea in bar.

Wife also argues that the trial court erred in declining to grant her rule to show cause against husband. This Court does not have jurisdiction to consider the trial court's ruling. See Jenkins v. Mehra, 281 Va. 37, 704 S.E.2d 577 (2011) (the Supreme Court of Virginia and this Court do not have appellate jurisdiction to review a trial court's refusal to hold a party in civil contempt).

Trial court's award of attorney's fees

Wife argues that the trial court abused its discretion in awarding attorney's fees payable to husband. The trial court ordered that wife was to pay husband $4,018 for his attorney's fees within ninety days of the entry of the July 16, 2010 order. Wife contends the trial court did not consider the parties' financial circumstances prior to making the award.

The Agreement provided that:

> The parties agree that if one party incurs any reasonable expenses
> in the successful enforcement of any of the provisions of this

Agreement, the other will be responsible for and pay forthwith any and all reasonable expenses, including attorney fees, thereby incurred . . . . Any such costs incurred by a party in the successful defense of any such enforcement action shall be reimbursed by the party seeking to enforce compliance.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Each party submitted an attorney's fees affidavit to the trial court. Husband successfully enforced the provisions of the Agreement and defended wife's actions against him, and the provisions of the Agreement allowed for an award of attorney's fees.

Considering the circumstances of this case, the award was reasonable, and the trial court did not abuse its discretion in awarding attorney's fees to husband.

Jurisdiction of trial court

Wife argues that the trial court had no authority to proceed with the hearing of the show cause order because she was not properly served. The first time that wife raises the issue of whether she was properly served was when she noted her objection on the final order. Wife was present when the trial court scheduled the hearing and did not mention service. She did not raise the issue of her service prior to or during the hearing, or even when the trial court issued its ruling.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be

timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Here, wife did not timely raise her argument to the trial court, and therefore, we will not consider this issue.

Appellate attorney's fees and costs

Both parties have requested an award of attorney's fees incurred on appeal, and wife also requested an award of costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.